No. 557

STATE Ex v. BOULAY

Ohio Appeals, 2d Dist·, Franklin County
No· 1195. Decided April 10, 1924

747. MANDAMUS—A proper remedy for abutting owner, to compel Highway Commissioner to complete work.

297. CONTRACTS—1. There was no such unreasonable delay as would invalidate the highway construction contract.

2. Not absolutely necessary that certificate of state's share of the funds be made prior to awarding and execution of contract.

3. The action of the Highway Director in cancelling the contract in 20 days from receipt thereof by contractor was arbitrary and unreasonable.

4. Duty of State Director of Highways to enforce contract against the contracting company and surety.

FERNEDING, J·

This is an action in mandamus to compel the Director of Highways and Public Works to complete the work provided for in the contract with the Ohio Contracting Company for the construction of a certain piece of highway described in the petition, located in Cuyahoga county. The relator is a citizen of the county and township where the proposed improvement is located and is the owner of property abutting thereon. The 'Ohio Contracting Co. intervened and filed an answer. The Court of Appeals held:

We think mandamus is a proper remedy in behalf of the abutting owner and that he had

no other adequate remedy. (State, ex rel Masters, v. Beamer et al, 109 OS. 125.)

In respect to the delay in the final notice to the contractor to proceed with the work, we find that the contract was duly let and the award was made to the Ohio Contracting Co. within the time fixed by the statute. A form of contract and bond was immediately forwarded to the successful bidder, the Ohio Contracting Co.., and the contract and bond were executed and returned to the Director of Highways and Public Works. Immediately thereafter the contract was duly forwarded to the Director of Finance for approval and for a certificate of the State's share of funds necessary under the contract. The Director of Finance entertained the view that he had authority to disapprove the contract and refuse to make the certificate of funds, although funds were actually available for this purpose·

This question was brought before the Supreme Court and some delay ensued. It was finally settled, the Supreme Court holding that the duties of a Director of Finance were only those of a ministerial officer in issuing the certificate of funds. The director of Finance thereupon issued the necessary certificate. This certificate bears the date of February 16, 1923, although it was actually executed May 28, 1923, and forwarded within a day or two thereafter to the Director of Highways. On June 7, 1923, which was immediately after receipt of said certificate of funds, the Director of Highways and Public Works notified the Ohio Contracting Co. to proceed with the work. On June 20, 1923, there was a conference between Mr. Siegel of the Ohio Contracting Co. and the Director of Highways in respect to beginning operations under said contract. Mr. Siegel did not in this conversation question the validity of the contract but, according to the testimony of Mr. Herrick, Director of Highways, declined to fix any definite time when he would begin the work. On June 29, 1923, the Director of Highways entered an order directing that, as in his opinion the contracting company has not carried same forward with reasonable progress and has abandoned, failed and refused to complete said work; I, therefore, hereby relieve said contractor of this work and order that the completion of this contract shall be pursued in accordance with the provisions of 1209 GC. Notices thereof were accordingly sent out to the contractor and his surety.

As to the question of the validity of the contract, the court is of the opinion that there was no· such unreasonable delay, under the circumstances, as would invalidate the contract and particularly is this true in view of the fact that the contractor did not, during

## STATE COURT OF APPEALS—Continued

said perior of delay, attempt to withdraw or rescind the contract but, on the contrary, apparently recognized the validity thereof.

In respect to the certificate of funds, it was held by this court in the case of State, ex rel Foster, v. H. A. Boulay, Director, that it was not absolutely necessary that the certificate of funds be made prior to the awarding and execution of the contract, but it was sufficient if said certificate was actually made as provided by law, substantially contemporaneous and before any steps were taken to incur expense under tht contract. This case was taken to the Supreme Court and a writ of certiorari refused. Under the doctrine of the Foster case the certificate of funds as applying to the case at bar was filed within time and the contract of the Contracting Company was valid and it became the mandatory duty of the Director of Highways and Public Works to enforce or in a proper case forfeit the same, under 1209 GC.

As to the validity of the order of the Director of Highways and Public Works purporting to forfeit the contract of the Ohio Contracting Co., we are of opinion that the Director of Highways and Public Works acted too hastily in declaring said contract forfeited and was unreasonable and arbitrary. In an action of mandamus the writ will not be issued to the extent that it operatei unjuttly. There was, however, nothing in the order of forfeiture which would have prevented the contractor, even after the order of forfeiture was made, to have proceeded with the work in the name of or on behalf of the surety. Consequently, the delay after October 27, 1923, must be attributed to the fault of the contractor and of wh'ch he cannot complain in the present action.

We think it is the mandatory duty of the present Director to enforce this contract against the Contracting Co., making the reasonable allowance for time for the final completion of the work, and if the said contractor should fail or refuse to begin and prosecute the work with due diligence, said Director may the eupon proceed, under 1290 GC., to forfeit the contract, notify the surely to complete the contract, and upon default of the surety, to proceed as provided in said section.

Writ of mandamus to the above effect allowcd.

Attorneys—Meals. Orgill & Maschke, Cleveland, for plaintiff; W. S Pealer, Randolph W Walton, J. M. Strelitz, Columbus, for defendants.