No. 390

### FEDERAL GAS & FUEL CO. v PUB. UTIL. COMM.

No. 18988. Supreme Court

Error to Public Utilities Commission. Dock. Feb. 28, 1925, 3 Abs 146.

**973. PUBLIC UTILITIES—Has Commission jurisdiction as administrative body, where franchise of gas company has expired and company declares it is no longer a public utility?**

The Federal Gas & Fuel Co. operates in the city of Columbus. Suit was brought against it by Ray M. Hull before the Utilities Commission for the purpose of compelling the company to extend its lines and to cease from, unlawfully descriminating against him in refusing to make the connections requsited. Hull in his petition charged that the Federal Fuel Company was merely an arm, or an agency of the Ohio Fuel Supply Co., a public utility, that these two companies with two oth-- formed the public utility proper. Separate answers were filed by each of the four defendants companies.

The Utilities Commissio nissued an order which required the Federal Gas & Fuel Co. to install connections as requested by Hull for the purpose of furnishing gas. In bringing this order to the Supreme Court on a petition in error the company contends:

That the Commission in the rendition of the order did not take into consideration the fact that there were four defendants each of whc had filed separate answers.

That the Commission did not have jurisdiction of the case for the Federal Gas & Fuel Co. had ceased to be a public utility from Nov. 10, 1924, that date being the time fixed by it when it would cease furnishing gas to the city of Columbus. Due notice was given to the city of the company's intention for their franchise then expired.

The outcome of the above intention was that the city brought action in the Franklin Com-

mon Pleas to restrain the Federal Gas & Fuel Co. from shutting off their gas supply. A temporary injunction had been granted the city.

That the Public Utilities Commission is an administrative body, and when the franchise of the Federal Fuel Co. expired the Commission had nothing to administer on.

That the Commission's order affects rights and obligations involved in the pending action in the Common Pleas Court.

Attorneys—Freeman T. Eagleson for Company; C. C. Crabbe, and J. W. Bricker for Commission; all of Columbus.

---

No. 391

### TATMAN v SNYDER

No. 19040. Supreme Court

Motion to direct Hamilton Appeals to certify. Dock. March 25, 1925. 3 Abs 214.

**225. CHARGE TO JURY—Is it province of charge to give jury authority to consider terms of former contract admitted in pleadings as matters of fact?**

John Snyder brought the original action in the Hamilton Common Pleas against Wm. Tatman, on a contract upon which there was a dispute as to the terms. A verdict was returned and judgment thereon was rendered in favor of Snyder for the full amount claimed. Error was prosecuted and Tatman claimed that according to the testimony of Snyder himself, the man who contracted to do the work, it was admitted that he had agreed to do it under the same provisions as a contract for a former job.

Tatman contended that the issues were admitted in the pleadings, and confirmed by the evidence, but nevertheless the trial court in its charge submitted these issues for the jury to determine them as matters of fact, violating the rule laid down in Telinde v Ohio Traction Co., 109 OS. 125, 128, 129. The Court of Appeals affirmed the judgment of the lower court and the case was taken to the Supreme Court on a motion to direct the Court of Appeals to certify the record.

Tatman contends that the jury was authorized by the trial court to find against him, even though Snyder did not comply with the terms of the contract as admitted in the pleadings, leaving the finding of the terms of that contract to the jury, and telling it to find a verdict accordingly.

Also that in submitting a case to a jury it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court to distinguish between and call the attention of the jury to the material allegations of fact which are admitted and those which are denied. B. & O. Rd. Co. v Lockwood, 72 OS. 586.

Attorneys—Ireton & Schoenle for Tatman; Wm. R. Collins for Snyder; all of Cincinnati.