Day, J.
 

 The record discloses that upon the conclusion of all the testimony in the case the plaintiff in error, defendant below, submitted to the court four propositions of law, in writing, which it requested should be given to the jury by the court before argument, pursuant to Section 11447, paragraph 5, General Code, which provides: “When the evidence is concluded, either party may present written instructions to the court on. matters of law, and request them to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced.”
 

 The fourth request submitted was in language as follows: “Even though you should find the tail lights were not on, or not lighted, yet if by the exercise of ordinary care the plaintiff could have seen the car and avoided the collision, your verdict should be for the defendant.” This request was refused.
 

 Under the pleadings and the issues arising thereon, the testimony, and the claims of the re
 
 *404
 
 spective parties, it is apparent that two issues of fact arose: First, upon Hemperly’s claim that the tail light of the Used Car Exchange Company’s car was not lighted; second, upon the claim of the Used Car Exchange Company that Hemperly could have seen the car and avoided the collision by the exercise of ordinary care upon his part.
 

 This request of the Used Car Exchange Company bore upon one of the crucial issues in the case. This court has heretofore held that this .portion of the statute in question is mandatory.
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 Payne, Dir. Genl. of Rds.,
 
 v.
 
 Vance,
 
 103 Ohio St., 59, 133 N. E., 85. We are therefore of opinion that the giving of the substance of such request in a general charge does not cure the error of refusing the giving of the same before argument, if the proposition is properly stated in writing and is applicable to the issues of the case and the evidence adduced. The court is not required to give the same proposition more than once. Instructions given before argument, under paragraph 7 of Section 11447, General Code, “shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement.” So that such instructions given to the jury become the law of the case equally with any propositions previously given, or given in the general charge by the court, and, even though requested by either party, such principles of law become the law of the case as announced by the trial judge, and are not to be regarded as the law of any particular party.
 

 As above stated, under the statute, this request,
 
 *405
 
 if given, being in writing, would have been taken by the jury in their retirement to the jury room, and could have been considered by them in their deliberation. Its denial was prejudicial error. We therefore reverse the judgment in this case for the failure to give the fourth request.
 

 Other, grounds of error are urged by counsel in argument and in their brief, but we do not regard them of so vital a character as to justify a reversal, under the entire record. However, we may say that in the event of a retrial it would be advisable to give a closer adherence to the rule announced in the cases of
 
 Baltimore & O. Rd. Co.
 
 v.
 
 Lockwood,
 
 72 Ohio St., 586, 74 N. E., 1071, and
 
 Telinde
 
 v.
 
 Ohio Traction Co.,
 
 109 Ohio St., 125, 141 N. E., 673, and to bear in mind the admonition laid down in
 
 Parmelee, Admr.,
 
 v.
 
 Adolph,
 
 28 Ohio St., 10: “A charge to the jury should be a plain, distinct, and unambiguous statement of the law as applicable to the case made before the jury by the proofs, and not mere abstract legal rules.”
 

 In view of the fact that, in the brief of counsel and in oral argument, much is said upon the subject of whether or not this record shows such a violation of Sections 6310-1 and 12614-3, General Code, as to justify the charge of the trial court upon negligence
 
 per se,
 
 it may be well to pass upon the same at this time.
 

 The position of plaintiff in error in this behalf, as stated in its brief, is as follows: “The court charged the jury that a violation of Section 6310-1, General Code, was negligence
 
 per se.
 
 That section provides for the lights to be shown as therein specified, while the motor vehicle is
 
 running.
 
 This was
 
 *406
 
 not running at the time of the accident, but was standing still.” The section in question reads as follows: “Every motor vehicle, * * * driven upon the public highways of the state, during the period from one-half hour after sunset to one-half hour before sunrise, and whenever fog renders it impossible to see at least two hundred feet ahead of such motor vehicle, shall display, while running, at least two lighted lamps on the forward part of such vehicle. * * * Every motor vehicle so operated shall display a red light from behind, and a white light shall be so arranged as to illuminate each and every part of the distinctive number borne upon a rear number plate.”
 

 In this connection, Section 6310-27, General Code, may be considered: “No vehicle shall stop on any road or highway, except with front and rear right wheels within one foot of the right hand side of the improved portion of the road, nor in any such way as to obstruct a free passage of the road.” Also Section 12614-3, General Code, the pertinent part of which is as follows: “It shall be the duty of every person who operates, drives or has upon any public street, avenue, highway or bridge a vehicle on wheels, during the time from one hour after sunset to one hour before sunrise, to have attached thereto a light or lights the rays of which shall bel visible at least two hundred feet from the front and two hundred feet from the rear. ’ ’
 

 As we have before indicated, the car of the plaintiff in error was standing, mostly upon the highway, between 7 and 8 o’clock in the evening of October 22d, and it is not contended that this was not within the night season, as provided for in Sections 6310-1 and 12614-3, General Code.
 

 
 *407
 
 If the jury found that there was no rear light burning, as provided in Sections 6310-1 and 12614-3, General Code, at the time and place in question, and that such machine was thus upon the public highway, and in such way as to obstruct the free passage of the road, did such conduct upon the part of the plaintiff in error constitute negligence
 
 per se
 
 as laid down in the case of
 
 Schell
 
 v.
 
 Du Bois, Admr.,
 
 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710? The first paragraph of the syllabus in that case recites: “The violation of a statute passed for the protection of the public is negligence
 
 per se,
 
 and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable. ’ ’
 

 We are of opinion that in the light of
 
 Schell
 
 v.
 
 Du Bois, supra,
 
 the violation of Sections 6310-1 and 12614-3, General Code, by the failure to display a rear light while standing after night upon a public highway, in such way as to obstruct the free passage of the road, is negligence
 
 per se,
 
 and would render' one so doing liable in damages for an injury proximately caused thereby to one in the exercise of due care for his own safety at the time and place in question, and the trial court was right in so charging. See
 
 Chesrown
 
 v.
 
 Bevier, supra,
 
 where, among the grounds of negligence, was the failure to display proper lights. It was there held: “The violation of a statute passed for the protection of the public is negligence
 
 per se. (Schell
 
 v.
 
 Du Bois, Admr.,
 
 94 Ohio St., 93, [113 N. E., 664, L. R. A., 1917A, 710], approved and followed.)” See, also, Berry on Automobiles (6th Ed.), volume 1, Sections 199 and
 
 *408
 
 226. In Babbitt
 
 on Law
 
 Applied to Motor Vehicles (3d Ed.), Section 563, the author says there is conflict of decision upon the question whether laws requiring lights on motor vehicles operated at night apply when the vehicle is standing still, but adds that “the decided weight of authority is that lights are required on a standing vehicle.” In support of his views he cites, among other authorities, the case of
 
 Commonwealth
 
 v.
 
 Henry,
 
 229 Mass., 19, 118 N. E., 224, L. R. A., 1918B, 827. From the opinion in that case we quote the following as in point in the present case upon the question whether a machine which is standing in whole or in part upon the highway comes within the terms of Sections 6310-1 and 12614-3, General Code, as an automobile “operated” upon the public highway:
 

 “The question is, whether a motor car which is left standing upon a highway after dark without lights and with the engine at rest can be found to be ‘operated’ within the meaning and intent of the statute.
 

 “It is obvious that a motor car standing upon a highway under such conditions may be fully as great a menace to the safety of travelers as if running upon the way without lights, and that the danger of serious injury to travelers by coming in contact with such a car would be very great.
 

 “The word ‘operated’ is not, as the defendant contends, limited to a state of motion produced by the mechanism of the car, but includes at least ordinary stops upon the highway, and such stops are to be regarded as fairly incidental to its operation. # # # '
 

 “The statute must be read with reference to its
 
 *409
 
 manifest intent and spirit and cannot be limited to the literal meaning of a single word. It must be construed as a whole and interpreted according to the sense in which the words are employed, regard being had to the plain intention of the legislature. So considered, we cannot doubt that the statute is broad enough to include automobiles at rest, as well as in motion, upon the highways.
 
 Jaquith
 
 v.
 
 Worden,
 
 73 Wash., 349 [132 P., 33, 48 L. R. A. (N. S.), 827];
 
 Stroud
 
 v.
 
 Water Commissioners of Hartford
 
 [90 Conn., 412, 97 A., 336],
 
 supra.
 
 So far as the case of
 
 City of Harlan
 
 v.
 
 Kraschel,
 
 164 Iowa, 667 [146 N. W., 463], is in conflict with the views herein expressed, we are not disposed to follow it.”
 

 See, also, the case of
 
 Murphy
 
 v.
 
 Hawthorne,
 
 117 Or., 319, 244 P., 79, 44 A. L. R., 1397, wherein the Supreme Court of Oregon held: “Parking a truck so as to extend five feet on to edge of highway, after dark, without displaying red light required under Or. L., Section 4774, held negligence
 
 per se.”
 

 In the case of
 
 Koplovitz
 
 v.
 
 Jensen,
 
 197 Ind., 475, 151 N. E., 390, it was held that the statute requiring motor vehicles to display red tail lights while “operated or driven” on highways at night, applies to vehicles parked on highways as well as to moving Vehicles.
 

 See, also, the cases of
 
 Scheppmann
 
 v.
 
 Swennes,
 
 172 Minn., 493, 215 N. W., 861;
 
 Hanser
 
 v.
 
 Youngs,
 
 212 Mich., 508, 180 N. W., 409;
 
 Hardware Mutual Casualty Co.
 
 v.
 
 Union Transfer & Storage Co.,
 
 205 Ky., 651, 266 S. W., 362;
 
 Lounsbury
 
 v.
 
 McCormick,
 
 237 Mass., 328, 129 N. E., 598;
 
 McCoy
 
 v.
 
 Pittsburg Boiler & Machine Co.,
 
 124 Kan., 414, 261 P., 30.
 

 Additional authorities might be given, but we are
 
 *410
 
 of opinion that the fact that the machine in question was not running, as argued by counsel for plaintiff in error, is no defense, and that a violation of either Section 6310-1 or Section 12614-3, General Code, which provide for the display of lights upon the front and rear of motor vehicles operated upon the highway at night, is negligence
 
 per se,
 
 warranting a recovery by the one damaged, as a direct and proximate cause of such negligence, provided such person is in the exercise of due care for his own safety at the time and place in question.
 

 For the reason stated, to wit, the failure to give request No. 4 before argument, in violation of Section 11447, paragraph 5, General Code, it becomes our duty to reverse this judgment and remand the cause to the court of common pleas for further proceedings according to law.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.