Weygandt, C. J.
 

 The defendant’s numerous assignments of error may well be reduced to two for the purpose of discussion.
 

 The first relates to four written instructions requested by the plaintiff and given to the jury by the court before argument. It is unnecessary to quote each of the instructions inasmuch as the defendant contends that the same error is common to all. Typical is Number 3 which reads as follows:
 

 “The court says to you, as a matter of law, that the statute of the state of Ohio in force and effect on June 26th, 1932, provided as follows:
 

 “ 'Sec. 6310-20. (a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.’
 

 “And I say to you further that if you find, by the greater weight of the evidence, that the defendant’s driver in the operation of his taxicab at the time of this accident, did violate this statute then the defendant would be guilty of negligence, and I say to you further
 
 *445
 
 that if you find that such negligence was the sole, direct and proximate cause of this accident, then your verdict must be for the plaintiff.”
 

 It will be noted that the verb “find” appears twice in this instruction. In the first instance it is followed by the phrase “by the greater weight of the evidence.” The gravamen of the defendant’s complaint is that likewise in the second instance there should be a repetition of the same or some similar phrase such as “by a preponderance of the evidence.” However, a study of the briefs discloses no citation of authority to the effect that an instruction of this sort is prejudicial or even erroneous. On the contrary the plaintiff points out the fact that this court has expressly approved the use of the word “find” without the inclusion of any phrase relating to the degree of proof required. In the cases of
 
 Washington Fidelity National Ins. Co.
 
 v.
 
 Herbert,
 
 125 Ohio St., 591, 183 N. E., 537;
 
 Lima Used Car Exchange Co.
 
 v.
 
 Hemperly,
 
 120 Ohio St., 400, 166 N. E., 364; and
 
 Cincinnati Traction Co.
 
 v.
 
 Young,
 
 115 Ohio St., 160, 152 N. E., 666, this court reversed the judgments below because in each instance there had been a refusal to give a requested instruction employing the verb “find” and omitting any reference-whatsoever to the required degree of proof. In the case of
 
 Makranczy
 
 v.
 
 Gelfand, Admr.,
 
 109 Ohio St., 325, 142 N. E., 688, this court affirmed the judgment of the Court of Appeals which had approved two requested instructions, each of which used merely the word “find.” Of course in the exercise of an abundance of caution it might be well in each instance to insert phraseology relating to the necessary degree of proof, but this is far from suggesting that the omission so to do is either prejudicial or erroneous. In the instant case each of the first three instructions includes the rule as to the degree of proof in at least one of its clauses; and furthermore, there is nothing in the record to indicate a failure of the jury to understand the
 
 *446
 
 law involved. It is not contemplated that a requested written instruction to a jury before argument shall cover every branch and feature of the case.
 
 Swing, Trustee,
 
 v.
 
 Rose,
 
 75 Ohio St., 355, 79 N. E., 757.
 

 The second complaint of the defendant presents as little difficulty as the first. He insists that it was error for the court to charge the jury on that part of Section 12603, General Code, relating to the operation of a motor vehicle at a speed greater than will permit it to be stopped within the assured clear distance ahead. This provision was brought to the attention of the jury in the first requested instruction and in the general charge. The defendant contends that this issue was not presented by either the pleadings or the evidence. However, a study of the record and the eight specifications of negligence conclusively shows that this contention is without foundation. Of course such an issue was not consistent with the defendant’s theory of the case, but it is equally obvious that the plaintiff had the right to do his own choosing in planning the presentation of his view of the controversy.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.