Gorman, J.
 

 All of the alleged errors presented in argument and in the briefs pertain to two special charges and the general instruction given to the jury by the trial judge.
 

 Previous to the waiver of oral argument, the court gave to the jury plaintiff’s first request to charge, as follows:
 

 “The court says to you as a matter of law that no person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the road or highway, and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.
 

 “It shall be
 
 prima facie unlawful
 
 for any person to drive a motor vehicle at a speed to exceed forty-five miles per hour on highways outside of municipal corporations.” (Italics ours.)
 

 This charge is in almost the exact language contained in Section 12603, General Code, as' effective at that time (113 Ohio Laws, 283). Ordinarily it is not only proper but advisable to instruct the jury in the exact language of a statute. This has always been considered good practice because the jury then has before it the language of the Legislature and not some paraphrasing of the section of the code which may not accurately describe the meaning and intent of the law as enacted.
 

 However, when the statute contains doubtful words or phrases the court should explain them. Certainly,
 
 *348
 
 in this instance, the jury might well not have understood the meaning of the term
 
 “prima facie.”
 
 While the jurors are presumed to know the ordinary words of the English language, there is no presumption that they know and understand words of foreign derivation. No attempt was made to define the words in either the special or general instructions of the court. However, it has been held that “the omission of a court in its charge to the jury, to define or explain doubtful words or phrases contained in a statute upon which the action is founded, does not constitute a ground of reversal, unless such definition or explanation was requested by the party claiming to have been prejudiced.”
 
 Schneider
 
 v.
 
 Hosier, 21
 
 Ohio St., 98.
 

 Counsel made no request of the trial court to explain any terms, and consequently the giving of the instruction did not constitute prejudicial error.
 

 The court likewise granted the fourth request of plaintiff before waiver of argument:
 

 “The court says to you as a matter of law that if you find from all the evidence, that plaintiff Edward Simko was driving his car on his right side of the highway, in the exercise of ordinary care and in a lawful and prudent manner, and you further find that defendant was passing or attempting to pass' a vehicle traveling in an easterly direction and you further find that the defendant Miller, drove his automobile on the northerly side of said highway, in doing so, or attempting to do so, and that a collision resulted, and if said action was a proximate or producing cause of said collision your verdict must be for plaintiff, Edward Simko, and against defendant Miller, even though you find that Edward Simko had consumed alcoholic beverages.”
 

 Judge Carter, in his opinion in the Court of Appeals, stated that the charge was erroneous and constituted reversible error “for failure to insert therein ‘by the preponderating weight of all the evidence,’ ” basing
 
 *349
 
 his conclusion upon the ruling in
 
 Thomas
 
 v.
 
 Burks,
 
 120 Ill. App., 222.
 

 This court recently held in
 
 Hunter
 
 v.
 
 Brumby,
 
 131 Ohio St., 443, 3 N. E. (2d), 353, that an “instruction is not erroneous' simply because it employs the phrase ‘if you find,’ but omits reference to the required degree of proof.” See also
 
 Makranczy
 
 v.
 
 Gelfand, Admr.,
 
 109 Ohio St., 325, 142 N. E., 688.
 

 In
 
 Hunter
 
 v.
 
 Brumby, supra,
 
 at page 445, Chief Justice Weygandt made this pertinent observation:
 

 “Of course in the exercise of an abundance of caution it might be well in each instance to insert phraseology relating to the necessary degree of proof, but this is far from suggesting that the omission so to do is either prejudicial or erroneous.”
 

 Adopting this view, it was not prejudicial to appellant’s rights to give plaintiff’s special requested instruction number four.
 

 We now turn to errors complained of in the general charge of the trial court. Before so doing, it is necessary to determine just how much of that charge can be considered by a reviewing court.
 

 At the conclusion of the court’s charge, the record shows the following took place:
 

 “Mr. Bertras: Nothing further to add, your Honor.
 

 “Mr. Henderson: I think, your Honor, in the interest of both sides your Honor should say something to the jury as to the burden of proof.
 

 “Court: Well, do you want me to amplify on what I have said about the burden of proof.
 

 “Mr. Henderson: I am not sure—
 

 “Court: I never like to ask a lawyer questions at this place because I mig’ht be unfair to the- lawyer. The lawyer isn’t on an equal footing with the court. I think what you mean, if I construe your position, if both failed to establish their case by the greater weight of the evidence then both should be denied the right to
 
 *350
 
 compensation in this case, and both should have a verdict rendered against them or verdict No. 3.
 

 “Mr. Henderson: Yes, of course it is the duty of the plaintiff by the greater weight of the evidence to show negligence on the part of the defendant, and in order to be fair, on the other hand, it is the duty of the defendant to establish by the probabilities or the greater weight of the evidence negligence on the part of the plaintiff.
 

 “Court: That is right, that is the law and I think I have charged to that effect.
 

 “Mr. Henderson: I am sorry if I interrupted.
 

 “Court: The thirteenth juror may retire and go down to the general assembly room, and the jury may retire in charge of the bailiff.
 

 “Mr.' Wilson: Special exception to the remarks about juror No. 1 and juror No. 2; special exception to the refusal to charge on the burden of proof as requested by counsel for defendant.”
 

 It will be noticed that no general exception was taken by the appellant to the charge, and under former Section 11561, General Code (Section 5298, Revised Statutes), it was essential so to do in order to review “errors of law.”
 

 That section has been repealed, and in its place Section 11560, General Code (116 Ohio Laws, 104), has been enacted, which became effective January 1, 1936, and reads as follows:
 

 “An exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon.
 
 Error cam, be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge.”
 
 (Italics ours.)
 

 This trial was conducted in February, 1936, after this section was in force and its provisions are there
 
 *351
 
 fore applicable to this case. As' we construe its provisions, any errors of law in a charge not induced by the complaining party can now be reviewed without exception, whereas formerly a general exception was essential. Putting it more concretely, errors of commission in a charge need not be excepted to generally, while errors of omission must be called to the attention of the court specially.
 
 Valencic
 
 v.
 
 Akron & Barberton Belt Rd. Co., ante,
 
 287;
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613.
 

 Therefore, under the state of the record, it is our duty to determine not only whether the trial court adequately charged the jury upon the question of the burden of proof but also to consider whether there were any errors of law amounting to acts of commission in the general charge.
 

 The court did charge that the successful party must show by the greater weight of the evidence that the other was negligent, and that such negligence was the proximate cause of the injuries received. Other than during the colloquy with counsel nothing was said relative to the duty of the jury in the event it should find that the evidence was equally balanced.
 

 The pleadings and evidence raised the question of contributory negligence, but the court entirely failed to define the burden of proof upon that issue. A request to charge further on the burden of proof was specifically made, which differentiates the case from that of
 
 Valencic
 
 v.
 
 Akron & Barberton Belt Rd. Co., supra,
 
 wherein no request was made for any additional instructions.
 

 It is true that no request was made to charge specifically upon the subject of contributory negligence, even though a request was made to amplify the instructions with reference to the burden of proof. ¥e shall consider whether this was error after an examination of the entire charge, tested by well-known legal principles.
 

 
 *352
 
 It is contended that the charge did not comply with the requirements set forth in
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Lockwood,
 
 72 Ohio St., 586, 74 N. E., 1071. In that case it is said that:
 

 “In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied. It is error to read the pleadings to the jury and then say to the jury, and not otherwise to define the specific issues, that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties.”
 

 This requirement as' to the instructions by the court has been repeatedly approved in this state. See
 
 Jones
 
 v.
 
 People’s Bank Co.,
 
 95 Ohio St., 253, 260, 261, 116 N. E., 34;
 
 Telinde
 
 v.
 
 Ohio Traction Co.,
 
 109 Ohio St., 125, 141 N. E., 673;
 
 Lima Used Car Exchange Co.
 
 v.
 
 Hemperly,
 
 120 Ohio St., 400, 405, 166 N. E., 364.
 

 In this case the court did not give an ordinary orthodox instruction to the jury. In fact, the trial judge proceeded upon the theory that a departure from methods customarily employed would be helpful to the jury. There is, of course, no legally approved standard form of instructions. The only requirement is that the charge comply with fixed legal principles.
 

 After telling the jurors they could take the pleadings to the jury room so that they could inform themselves as to what each party or person is claiming, and after cautioning them that the pleadings are not evidence, the trial judge did not clearly, definitely and separately state what the respective claims were. While nearly all of the various contentions were set out in different
 
 *353
 
 parts of the charge they were not presented in a clear and understandable manner.
 

 As we said before, there were not full and complete charges on contributory negligence and the burden of proof, and these omissions indicate that the instructions were incomplete on the issues raised by the pleadings and evidence.
 

 While the court took considerable time to explain that the jury should sift the evidence by considering physical facts and circumstances, the substance of the charge is found in the following four paragraphs:
 

 “Now, in addition thereto keeping in mind what I have said to you about sifting the evidence to show these facts you should sift every bit of the evidence to find the answers you may give to any issue in this case. Having these things all in your minds then I want to set up to you the rule that describes what duty each of these men owed to each other at the time and place in question. These men, by ‘these men’ I mean Simko and Miller, owed each other the duty of exercising ordinary care not to injure or harm each other. Ordinary care means that amount and degree of care which the ordinarily prudent and cautioussperson ordinarily exercises under the same or similar circumstances, and a failure to exercise this degree of care is in law negligence.
 

 “We have been talking for some time about negligence in the case, and we have finally arrived at the place where I am permitted to tell you what the meaning or legal significance of this term negligence is. I have often wished the law would open my lips before a trial would begin and I would undertake to go to school with the jury and tell them about some of these terms before we start, but the law in its wisdom has not seen fit to let a judge speak until everybody has finished and the judge has a chance to gather up the loose ends and knit the thing together in a legal fabric and make it look like a pleasant and presentable gar
 
 *354
 
 ment. I want you to understand that is what I mean by the term negligence. I want to caution you to survey the conduct of both of these men because they both have lawsuits and my instructions apply to both of them in many respects alike.
 

 “Now proceeding further I instruct you if I were in the jury box sitting as you are in the jury box this is the way I would proceed: I would keep in mind what the court said about the definition of ordinary care and negligence. I would keep in mind about where this place is, where these cars collided. Then I would go into the evidence and I would see what the evidence shows as to what Simko and Miller saw as they drove their motor vehicles along this highway at the time and place in question; what they saw or in the exercise of ordinary care should have seen as to the circumstances then and there attending them; what did they do, by they I mean Miller and Simko, what did they do as they drove their motor vehicles along this highway at the time and place or in the exercise of ordinary care should have done. What steps would ordinary care require of them to take in order to avoid the collision and injuries to themselves at the time and place in question.
 

 “Now you must take into consideration when you come to this question what the evidence shows as' to the speed of these motor vehicles at the time and place in question. You may take into consideration what ordinary care would require of them to do with respect to the speed of their motor vehicles at the time and place in question. You should take into consideration where they drove their automobiles on the highway at the time and place in question. The law is that when one is' meeting a car or motor vehicle or where motor vehicles are approaching in opposite directions they shall keep to the right hand side of the highway, that is, in this state one meeting an automobile coming toward you and you are going toward it you pass to
 
 *355
 
 his right; that is the law of the road. Did these men observe that rule on this occasion? It was their duty to observe the law in that respect. It is the law of the road you shall drive your ear on the right hand side of the road unless in the event you are overtaking a passing motor vehicle and in which event you may turn to your left in order to pass around the overtaken automobile, but in doing so each of them are required to exercise ordinary care under the circumstances not to harm or injure another who might be lawfully upon the highway at the time and place in question. Now, you may take into consideration the whole matter of driving the cars, the matter of controlling, the. speed, the stopping, if ordinary care would have required them to do so, whatever ordinary care should have required them to do,
 
 and if they failed to observe the duties imposed upon them in the exercise of ordinary care
 
 at that time and place under those circumstances
 
 such failure in law would be
 
 negligence(Italics ours.)
 

 The paragraphs above quoted not only show the nature of the charge, 'but likewise set forth an incorrect statement of the law. In effect, the court stated that if the parties failed to observe the duties imposed upon them in the exercise of ordinary care, such a failure would be negligence. Duties are imposed either by common law or statute, and the trial court did not differentiate between such duties.
 

 The defendant charged the plaintiff, Simko, with driving at an unlawful rate of speed and turning his automobile from the right side of the road to the left and against the automobile of the defendant. Matters pertaining to speed, stopping, and the rule of the road, requiring a party to keep to the right while driving his automobile, are all covered by statutes. See Sections 12603, 6310-17 and 6310-18, General Code.
 

 While we do not have an absolute specific rate of speed as a standard, nevertheless a failure to have an
 
 *356
 
 automobile under control so that it can be stopped within the assured clear distance ahead, and a failure to drive on the right side of the road, are considered statutory violations which would be negligence
 
 per se. Skinner
 
 v.
 
 Pennsylvania Rd. Co.,
 
 127 Ohio St., 69, 186 N. E., 722;
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627;
 
 Mahoning Savings & Trust Co., Exr.,
 
 v.
 
 Kellner, Admr.,
 
 131 Ohio St., 69, 1 N. E. (2d), 616. Therefore, if Simko violated these provisions, it would not be necessary to determine whether he exercised ordinary care in so doing, tinder such circumstances he would be negligent as a matter of law by the mere violation of the statutes.
 

 The charge of the court implied that a failure to observe the statutory duties
 
 in the exercise of ordinary care
 
 was negligence. 'The Legislature having fixed a definite rule of conduct, it was not for the jury to say that the failure to observe the rule of conduct was negligence only in case the jury found the party failed to exercise ordinary care.
 

 As was said by one of the former authorities on the law of evidence:
 

 “And when eminent courts, using familiar phraseology, state that the breach of the ordinance is not ‘negligence
 
 per se’
 
 but only ‘evidence of negligence,’ and leave the question of negligence as a fact to the jury, they are doing nothing less than informing that body that it may properly stamp with approval, as reasonable conduct, the action of one who has assumed to place his own foresight above that of the Legislature in respect of the very danger which it was legislating to prevent.” 27 Harv. Law Rev., 317, 322.
 

 Where the violation of a specific requirement of a statute is involved, Judge Matthias' has well said: “The jury is not called upon to determine whether the conduct constituted negligence; it determines only whether the act prohibited was committed or the act required by law was omitted, as the case may be.”
 
 *357
 

 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 522, 196 N. E., 274.
 

 This instruction, therefore, contained an erroneous statement of law that was highly prejudicial to the rights of the defendant.
 

 Likewise, in examining the charge with its many omissions and failure to specifically separate the issues, particularly in reference to contributory negligence and the burden of proof, this court is of the opinion the instruction did not comply with the ruling in
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Lockwood, supra.
 
 In commenting on that rule, former Chief Justice Marshall in
 
 Telinde
 
 v.
 
 Ohio Traction Co.,
 
 109 Ohio St., 125, 129, 141 N. E., 673, said:
 

 “Measured by the foregoing rule it is impossible to make a good defense to the claim of error in the charge in the instant case. It is true that only general exceptions were taken and no further requests' made for more elaborate instructions, and we are therefore driven to a consideration of the effect of Section 11561, General Code, which provides that general exceptions shall only apply to errors of law existing in the charge that are material and prejudicial to the substantial rights of the excepting party. This section has' been construed many times, notably in three leading cases:
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St, 447, 103 N. E., 136, and
 
 State
 
 v.
 
 Driscoll,
 
 106 Ohio St, 33, 138 N. E., 376. In each and all of those cases this court has stressed the duty of counsel to aid the court by calling attention to omitted matters, and has placed a large measure of responsibility upon counsel in this behalf. The cases do not, however, overrule the case of
 
 Bailroad
 
 v.
 
 Lockwood, supra,
 
 neither do they put the entire responsibility upon counsel. By the provisions of Section 11447, construed and defined by the
 
 Lockwood case,
 
 a very great responsibility still rests with the court. As between the responsibility resting upon the court, on
 
 *358
 
 the one hand, and that resting upon counsel, on the other, it is apparent that cases will constantly arise for which no definite rule can be established. * * * Unless the
 
 Lockwood case
 
 is' definitely overruled, the charge in the instant case must be held to be deficient. It has already been observed that there is some evidence in this record tending to show contributory negligence, and this issue should have been submitted to the jury under proper instructions'. Inasmuch as the verdict was rendered in favor of the plaintiff, it is impossible to determine what the verdict would have been if proper consideration had been given to that defense.”
 

 The charge in the case upon review contains the vices which the
 
 Lockwood case
 
 condemned, and is without sufficient virtue to cause them to be legally obscured.
 

 A charge to the jury should be a plain, distinct and unambiguous statement of the law as applicable to the case made before the jury by the proof adduced.
 
 Parmlee, Admr.,
 
 v.
 
 Adolph, 28
 
 Ohio St., 10.
 

 A jury is entitled to receive from the court such instructions in the general charge as wall fully place it in possession of the issuable facts in controversy as pointed out by the pleadings and the evidence. In this case the jury did not receive such instructions, and the charge as a whole was misleading. See
 
 Aetna Ins. Co.
 
 v.
 
 Reed,
 
 33 Ohio St., 283;
 
 Ohio Farmers Ins. Co.
 
 v.
 
 Cochran,
 
 104 Ohio St., 427, 135 N. E., 537.
 

 Not only because of the erroneous statements of law contained in the general charge, but because it did not conform to the well established rules set forth in
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Lockwood, supra,
 
 this court is of the opinion that the issues raised by the pleadings were not fairly presented to the jury, and that such failure was prejudicial to the rights of the appellant. Under such circumstances, he was entitled to a new trial. ■
 

 
 *359
 
 The judgment of the Court of Appeals is therefore reversed and the cause remanded to the Court of Common Pleas for further proceedings in accordance with law.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Williams, and Myers, JJ., concur.