KIRTLAND, ADMX., APPELLEE, *v.* DEVENNEY, APPELLANT.

(Decided June 6, 1938.)

*Messrs. Fraser, Effler, Shumaker & Winn,* for appellee.

*·Mr. J. W. Hackett* and *Mr. James M. Evans,* for appellant.

LLOYD, J.   On June 13, 1935, Florence D. Kirtland, as administratrix of her deceased husband's estate, commenced an action in the Court of Common Pleas for the pecuniary damage to herself and six minor children allegedly resulting from his death through the negligence of John Devenney.   On July 1, 1933, Devenney, on his way home from Detroit to Toledo in a Chevrolet tractor to which was "hooked" a semi-

trailer, when about 45 miles south of Detroit on the Telegraph road, came into collision with a "Ford pick-up delivery truck" owned and driven by the decedent and then proceeding thereon from the opposite direction.

The petition alleged that the "collision was caused solely by reason of the negligence of defendant in the operation of said truck and trailer in the following respects, to wit: In that said truck and trailer were driven on the left or easterly side of the center line of said highway at said time and place; in that defendant completely lost control of the same; in that defendant had theretofore been driving continuously without sleep for a period in excess of twenty-four (24) hours, and was caused, by reason of his extremely tired condition, to drowse at the wheel and permit said truck and trailer to proceed without guidance.

"By reason of the negligence of the defendant as above set forth, said truck and trailer collided head-on with the automobile driven by plaintiff's decedent, which was on the right or easterly side of said highway, and as a direct and proximate result of said collision plaintiff's decedent was so injured that he died as a direct result thereof."

The trial resulted in a verdict for the administratrix in the sum of $50,000, one-half of the amount claimed in her petition. The court, after overruling motions of Devenney for judgment notwithstanding the verdict and for a new trial, entered judgment on the verdict. Devenney appeals on questions of law, assigning, in addition to the overruling of these motions, several other alleged errors among which are misconduct of opposing counsel in the concluding argument to the jury, the overruling of his motion to strike certain allegations from the petition, erroneously charging the jury, and that the verdict is ex-

cessive and appears to have been given under the influence of passion and prejudice.

The evidence being in substantial conflict, the motion for judgment notwithstanding the verdict, and the motion for a new trial, in so far as it relates to the claim that the verdict is manifestly against the weight of the evidence, were properly overruled. The motion to strike certain allegations from the petition might well have been granted because they were merely recitals of evidential facts, but under the facts and circumstances developed at the trial, the failure to do so can not be said to be prejudicial to Devenney.

The statutes of Michigan creating the right to commence and prosecute an action for wrongful death are pleaded and are in evidence, but otherwise the law of that state applicable thereunder is not pleaded or proved. The law of the forum therefore applies to the adjective as well as the substantive law governing the alleged cause of action of the administratrix.

As to the charge of the court, complaint is first directed to what was said as to the measure of damages. The trial judge avoided prejudicial error by confining the elements which the jury could consider on this subject to the facts as disclosed by the evidence by using as concluding words: "Or as you may find from the evidence and by a preponderance of the evidence."

Complaint is also made that the issues were not lucidly and completely stated by the trial judge in his general charge in that the jury was told that "there are many allegations asserted by the plaintiff which are admitted by the defendant and therefore it is unnecessary for you to have these parts read to you because there is no issue upon those things."

The answer of the defendant denies every allegation of the petition except that Mrs. Kirtland is the administratrix of the estate of John E. Kirtland and that on July 1, 1933, Kirtland "was operating a Ford auto-

mobile in a general northerly direction upon and over
the Telegraph road in Monroe county, Michigan; that
defendant was then and there operating a Chevrolet
motor truck and tractor in a southerly direction over
said Telegraph road; and that at a place near the in-
tersection of the Telegraph road and the Erie road
said automobiles collided.'' Otherwise, except that the
statutes of Michigan pleaded in the petition are as
pleaded, and that decedent died as a result of the in-
juries received, all else is denied. Under this state
of the pleadings, with a denial that Mrs. Kirtland was
the widow and that there were dependent children, the
complaint in this regard is superficial, if not facetious.

At the conclusion of the general charge, counsel for
Devenney requested the court to charge the jury on the
issue of contributory negligence which, although not
pleaded, was raised by the evidence. Counsel for the
administratrix advised the court that there was no ob-
jection thereto, but the court nevertheless refused the
request. Thereupon the jury, some little time after it
had retired, was recalled by the court at the request of
counsel for the administratrix and instructed on this
subject as follows:

''Ladies and gentlemen of the jury: I have called
you back for the purpose of presenting to you a fur-
ther issue in this lawsuit between the plaintiff and the
defendant which it will be necessary for you to con-
sider in arriving at a verdict in this lawsuit. Now,
there is another issue in this case which arises from
the evidence which has been received during the trial
of this lawsuit. It is not an issue raised by the plead-
ings, but one of those issues which is sometimes raised
by the evidence received during the trial of a lawsuit,
regardless of the issues fixed by the pleadings, and
that issue is simply this, ladies and gentlemen of the
jury: that, although the defendant may be guilty of
negligence in one or more of the regards which I have

heretofore explained to you, the plaintiff can not re-cover if plaintiff's decedent, that is the driver of the truck, John E. Kirtland,—was guilty of negligence causing his own death; or, in other words, if plaintiff's decedent was guilty of what is called 'contributory negligence'; that is, if by his failure to exercise ordinary care and caution under the circumstances he directly contributed in any degree to produce the injuries which resulted in his death. Now, of course, it was the duty of plaintiff's decedent, while driving his automobile, at the time and place set forth in the petition, to exercise ordinary care, as defined to you, for his own safety. Among those duties was his duty to drive his automobile, at said time and place, on the right side of the paved portion of the highway, and not to cross the center line of the paved portion to the left of the highway in the direction in which he was going.

Now, the burden of proving the plaintiff's decedent guilty of contributory negligence is upon the defendant, and this the defendant must prove by a preponderance of the evidence. Therefore, ladies and gentlemen of the jury, if after a full and fair consideration of the evidence you find that plaintiff's decedent failed to exercise ordinary care for his own safety at said time and place, as heretofore explained to you, and that such failure contributed in the slightest degree, directly and proximately causing the injury and death of plaintiff's decedent, then and in that event plaintiff cannot recover in this lawsuit, and your verdict should be for the defendant.''

There is evidence in the record that Kirtland was at the time of the collision operating his Ford truck on his left or wrong side of the highway. If so, then he was guilty of violating Sections 6310-17 and 6310-18, General Code, and was negligent as a matter of law and not merely as the result of a failure to exercise ordinary care. The above quoted instruction was

therefore manifestly erroneous and prejudicial. *Simko* v. *Miller,* 133 Ohio St., 345, 13 N. E. (2d), 914. Placing a greater burden of proof upon Devenney than the law requires, presumes prejudice. *Cleveland Ry. Co.* v. *Goldman,* 122 Ohio St., 73, 170 N. E., 641.

A reading of the concluding argument of counsel shows it to be unjustified and prejudicial to appellant in two particulars: First, as to what he said in opposition to the claimed contributory negligence of the decedent, and, second, his argument as to the falsity of the testimony of Devenney. In his argument on the subject of contributory negligence he said:

"Now, let me first say this: their claim is that Mr. Kirtland was guilty of contributory negligence in himself causing his death, and yet this answer, which was prepared by Squire, Sanders & Dempsey of Cleveland and Hackett of Toledo, that answer which is claimed and supposed and required under law to set up all of their defenses, that answer is absolutely silent on any such—you may read this. I will ask that this go to your jury room so you can read it, but you will find in that answer, filed November 25, 1935, they don't even hint that this eleventh-hour story of this fellow is true; they don't even say or claim that Mr. Kirtland brought his own death upon his shoulders. Now, read it when you get to the jury room.

"By Mr. Evans: Your Honor, we except to that statement because it is not necessary—

"By Mr. Fraser: If they claim, the court has said if they claim Mr. Kirtland was guilty of contributory negligence it was their duty under the law to set it up in their answer, and they make no such a claim. In all fairness, whether required to or not, if these very eminent lawyers, or Moore or Marshman or anybody else, at that time, and that was before he finally gave his cock-and-bull story to the jury in the other case,

if they thought at that time that those were the facts, of course, they would have set them up in here."

Although counsel in his zeal for his client's cause may momentarily have forgotten, nevertheless he must be held to have known that under the rule announced by the Supreme Court it is unnecessary to plead contributory negligence, but that if there is evidence thereof it thereby becomes an issue in the case.

Further along, in commenting upon the testimony of appellant, Devenney, counsel said:

"You men and women know much better than I do the silliness of that kind of claim. False—just as one member of the court said—just as false as hell! Another way to describe it, ladies and gentlemen—and I apologize for using strong language—I very seldom do—and I am only quoting a very eminent authority in saying that; just as false as could be, ladies and gentlemen."

What judge so exclaimed, whether eminent or otherwise, neither the record nor the argument of counsel discloses, as of course it would not. It would seem that such a statement, silently acquiesced in by the trial judge, in all common probability would be given preponderant consideration by a jury of ordinary men and women in determining the vital question of whether Devenney's testimony was true or false. To so argue also constituted prejudicial error.

The record of the trial in the Court of Common Pleas also evidences the conclusion that the verdict is excessive, appearing to have been given under the influence of passion or prejudice.

For the reasons given the judgment of the Court of Common Pleas is reversed and the cause remanded thereto for a new trial.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.