Taft, J.
According to the journal entry of the Court of Appeals, the judgment of the Common Pleas *108 Court was “reversed for error of law in failing to separate and define the issues of fact and for failing to charge' the law upon such issues * * * no other error appearing in the record. ’ ’
Until the supplemental brief was filed by plaintiff in this court, after allowance of the motion to certify and only two days before argument on the merits, plaintiff did not contend that there was any error in anything which the trial court said in its charge to the jury. No such error is referred to by the Court of Appeals either in its journal entry or in its opinion. However, we have considered the belated contention in plaintiff’s, supplemental brief, that some of the language used by the trial judge represented an erroneous charge with respect to the statutory ‘‘ assured-clear-distance-ahead ” rule. We are of the opinion that the language referred to was not intended as and cannot be understood as a charge relating-to that rule.
The record discloses that, at the end of his charge, the trial judge stated, “Any suggestions by counsel?,” and that plaintiff’s counsel then stated, “We have nothing to suggest.” The record then indicates a conference between court and counsel, after which the court, apparently at the request of defendant’s counsel, gave certain additional instructions to the jury. The record discloses further that “the plaintiff excepted t'o the charge of the court, after argument, generally, under the statute.”
As a general rule, in the absence of statutory provisions to the contrary, a party, represented by counsel, may not ordinarily avail himself of an error which was not called to the attention of the trial judge and which could and might have been corrected by the trial judge if it had been called to his attention. Adams v. State, 25 Ohio St., 584.
The reasons for this general rule are stated in the opinion at page 257 in State v. Tudor, 154 Ohio St., *109 249, 95 N. E. (2d), 385. As pointed out in that case at page 258, there is in Ohio, by reason of certain statutory provisions (Section 11560, General Code), an exception to this general rule where errors in the charge of the court are involved. See Columbus Ry. Co. v. Ritter, 67 Ohio St., 58, 64, 65 N. E., 613; State v. McCoy, 88 Ohio St., 447, 454, 103 N. E., 136. However, where such errors in the charge of the court are errors of omission and not errors of commission, the general rule applies, and, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal. Columbus Ry. Co. v. Ritter, supra (paragraph two of the syllabus); State v. McCoy, supra (paragraph three of the syllabus); Beeler v. Routing, 116 Ohio St., 432, 156 N. E., 599.
Thus, paragraph two of the syllabus in Columbus Ry. Co. v. Ritter, supra, reads:
“A general exception to the charge of the court as now permitted by Section 5298, Revised Statutes, is effectual only as to errors of law existing in the charge as given, and does not bring in review on error, an omission or failure to give further proper instructions.”
The above general rule and the exception thereto together with the limitations on that exception have, since January 1, 1936, been codified in Section 11560, General Code, as follows:
“An exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon. Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge.” (Emphasis added.)
*110 However, plaintiff argues and the Court of Appeals held that the general rule does not apply with respect to errors of omission in the charge, where such errors are so flagrant as to amount to a failure by the trial court "to separate and define the issues of fact and * * * charge the law upon such issues.” The following-decisions of this court are cited in support of that argument: Baltimore & Ohio Rd. Co. v. Lockwood, 72 Ohio St., 586, 74 N. E., 1071; Jones v. People’s Bank Co., 95 Ohio St., 253, 116 N. E., 34; Ohio Collieries Co. v. Cocke, 107 Ohio St., 238, 140 N. E., 356; Telinde v. Ohio Traction Co., 109 Ohio St., 125, 141 N. E., 673; Lima Used Car Exchange v. Hemperly, 120 Ohio St., 400, 166 N. E., 364; Simko v. Miller, 133 Ohio St., 345, 13 N. E. (2d), 914.
Although paragraph one of the syllabus in Baltimore & Ohio Rd. Co. v. Lockwood, supra, has been generally recognized as dealing with this problem, as to when errors of omission in a charge are so flagrant as,to justify a reversal where they have not been called to the trial court’s attention, the holding in'that case was that the trial court should have directed a verdict for the defendant; and this court therefore rendered final judgment for the defendant. The report of the case does not disclose whether all of the errors of omission there condemned were called to the trial court’s attention although the opinion does state that one of them was (page 590). No reference is made to Columbus Ry. Co. v. Ritter, supra. In Jones v. People’s Bank Co., supra, the opinion “per curiam” first affirmed the judgment of the Court of Appeals upon the memorandum of opinion of that court which made no reference to this problem. This court then stated that, since there would be a new trial, it would make "further suggestions of error that would have justified the reversal” (page 255). After calling- attention to several of these, it was pointed out at pages *111 260 and 261 that “substantial compliance with the doctrine laid down in the syllabus of the Baltimore & Ohio Rd. Co. v. Lockwood,” supra, was called for, but the opinion does not mention whether the errors of omission had been called to the trial court’s attention and does not mention Columbus Ry. Co. v. Ritter, supra. This problem is not mentioned in the syllabus in Ohio Collieries Co. v. Cocke, supra. However, in the opinion at page 243 it is stated that the trial judge substantially complied with his duty “to separately and definitely state to the jury the issues of fact made in the pleadings accompanied by such instructions as to each issue as the nature of the case may require.” Baltimore & Ohio Rd. Co. v. Lockwood, supra, was cited in support of that duty. This problem is also not mentioned in the syllabus in Lima Used Car Exchange Co. v. Hemperly, supra, but in the opinion at page 405, in discussing other grounds of error not regarded by the court as justifying a reversal, it is stated, “we may say that in the event of a retrial it would be advisable to give a closer adherence to the rule announced in the cases of Baltimore & Ohio Rd. Co. v. Lockwood * * * and Telinde v. Ohio Traction Co.”
Paragraph five of the syllabus in Simko v. Miller, supra, reads:
“In submitting a case to the jury, it is the duty of the court to separately and definitely state to the jury the issues of fact made by the pleadings, accompanied by such instructions as to each issue as the nature of the case may require.”
Although the court does have such a duty, it does not follow that the omission to perform that duty would be reversible error in the event that counsel had not called such omission to the court’s attention. See Beeler v. Ponting, supra; Columbus Ry. Co. v. Ritter, supra; State v. McCoy, supra, 450. The syllabus in *112 Simko v. Miller, supra, does not state that it would be and the opinion discloses that the judgment of reversal by this court was based not merely upon failure to comply with the “rule set forth in Baltimore & Ohio Rd. Co. v. Lockwood” but also upon “erroneous statements of law contained in the general charge” (page 258). Furthermore, it is significant that Judge Gorman in his opinion italicized the second sentence of Section 11560, General Code, which has hereinbefore been quoted. It may be observed that, prior to January 1, 1936, the corresponding part of that section contained a much broader description of what errors in the charge could be complained of without calling them to the attention of the trial court, when it provided that “a general exception taken to any charge of any court to a jury shall apply to any and all errors of law which may exist in such charge that are material and prejudicial to the substantial rights of the party excepting.” (93 Ohio Laws, 299.) (Emphasis added.) Apart from Simko v. Miller, supra, all of the cases relied upon by plaintiff were decided before this statutory change.
In Telinde v. Ohio Traction Co., supra, the opinion by Marshall, C. J., does indicate that there was only a general exception to the charge and, in support of the statement in paragraph one of the syllabus, endeavors to distinguish Columbus Ry. Co. v. Ritter, supra, and State v. McCoy, supra. That paragraph of the syllabus reads:
“Where in charging the jury in a case where the petition alleges negligence and the answer alleges contributory negligence the court merely reads the pleadings to the jury and does not otherwise define the specific issues, such charge is not a sufficient compliance with Section 11447, General Code, and is erroneous.”
*113 However, even in Telinde v. Ohio Traction Co., supra, as appears from the second paragraph of the syllabus, there was an error of commission in the charge which justified the judgment of reversal, irrespective of the error described in the first paragraph of the syllabus (see opinion at page 131). Paragraph one of the syllabus merely describes an error of omission. It does not definitely appear that this court did decide that such error alone would justify a reversal where the omission had not been called to the attention of the trial court. Certainly this court in its syllabus did not state that it would.
A decision, that such an error of omission as described in the first paragraph of the syllabus of Telinde v. Ohio Traction Co., supra, would justify a reversal where the omission had not been called to the attention of the trial court, would certainly be contrary to the second paragraph of the syllabus of and the decision in Columbus Ry. Co. v. Ritter, supra. An examination of the report of Columbus Ry. Co. v. Ritter, supra, will clearly disclose that the trial judge in that case did not perform his duty, as described in paragraph five of the syllabus in Simko v. Miller, supra, and that the charge which he gave was substantially as deficient as those described in the first paragraph of the syllabus of Baltimore & Ohio Rd. Co. v. Lockwood, supra, and the first paragraph of the syllabus of Telinde v. Ohio Traction Co., supra.
Furthermore, such a decision would necessarily amount to a holding that, if the error of omission was very serious and consequently quite apparent to counsel, then, in order to complain about it later, counsel would not have to give the court an opportunity to avoid that error when it could be avoided; but, if it was not very serious and consequently not so apparent to counsel, then, in order to complain about it *114 later, counsel would have to give the court such an opportunity. The more serious and apparent such an error is, the easier it should he for counsel to recognize it and call the court’s attention to it. If, before the verdict, counsel is not sufficiently concerned about the potential danger to his cause from a serious error of omission to request the trial court to avoid that error when it can be avoided, it is difficult to understand why a reviewing court should later be concerned when, because of counsel’s neglect, it no longer can be avoided.
To sustain the argument of plaintiff in the instant case, and to affirm the judgment of the Court of Appeals, it would be necessary for this court to determine that the second paragraph of the syllabus and the decision in Columbus Ry. Co. v. Ritter, supra, have been modified by paragraph one of the syllabus of Baltimore & Ohio Rd. Co. v. Lockwood, supra, or by paragraph one of the syllabus in Telinde v. Ohio Traction Co., supra, or by paragraph five of the syllabus in Simko v. Miller, supra. As hereinbefore pointed out, except for the statements of Marshall, C. J., in the opinion in Telinde v. Ohio Traction Co., supra, which statements were quoted in the opinion by Gorman, J., in Simlco v. Miller, supra, there is apparently nothing in the reports of decisions of this court which indicates that paragraph two of the syllabus and the decision in Columbus Ry. Co. v. Ritter, supra, have been so modified.
We believe that paragraph two of the syllabus and the decision in Columbus Ry. Co. v. Ritter, supra, can be reconciled with those paragraphs of the syllabi in Baltimore & Ohio Rd. Co. v. Lockwood, supra, Telinde v. Ohio Traction Co., supra, and Simko v. Miller, supra, hereinbefore referred to. Each of those paragraphs of the syllabi in those three cases states correct prim *115 ciples of law. However, nothing in the syllabus in any one of those cases purports to deal with the question whether errors of omission in a charge may be raised on appeal where they have not been called to the attention of the trial court. Furthermore, none of those decisions is necessarily based upon the conclusion that they may. On the other hand, that question is specifically answered in the negative in paragraph two of the syllabus in Columbus Ry. Co. v. Bitter, supra, and the decision in that case was necessarily based upon a negative answer to that question. See, also, State v. McCoy, supra, 450, 454.
It is arguable that, where there has been an error of commission, a reviewing court may, in determining whether that error was prejudicial, consider its effect in the light of errors of omission in the charge which were not called to the trial court’s attention. That is apparently what the majority of this court had in mind, as indicated by what it did say and what it omitted to say in the syllabi in Telinde v. Ohio Traction Co., supra, and Simko v. Miller, supra. However, in the instant case there was no such error of commission.
Unquestionably, a trial judge has the duty and responsibility to avoid all errors in his charge whether they be errors of omission or errors of commission. If counsel requests the trial court to avoid such an error and the trial court refuses to do so, then clearly counsel should be able to rely upon such error as a ground for reversal of a judgment against his client. However, we do not believe that we should, without some good reason or unless required to do so by statute, approve a practice which would enable counsel to place his client in a position where he can take advantage of a favorable verdict, and at the same time avoid an unfavorable verdict merely because of errors of the *116 trial court, which counsel made no effort to prevent when he might have prevented them. As we see it, such a practice would enable counsel to obtain an unfair and unjust advantage over the opposing party. For example, in the instant case, counsel for plaintiff admitted in argument on the motion to certify that, although he was aware of the error of omission in the trial judge’s charge, about which he now complains, he'did not call that error to the trial judge’s attention because he considered it an error of commission that he could rely upon as a ground for reversal in the event that the verdict of the jury was against his client.
The only reason suggested for such a practice (see Telinde v. Ohio Traction Co., supra, 130) is that substantial justice requires that a party should be relieved from the prejudice he would otherwise suffer as a consequence of the fault or neglect of his counsel. If that is a reason, it would appear to be more applicable to a situation where the errors of omission are not clearly apparent than to a situation where those errors are clearly apparent. Admittedly that reason is not regarded as sufficient to justify the practice in the former situation. It should necessarily follow that it does not justify the practice where the errors are clearly apparent. .In the latter situation, there is obviously much less likelihood that counsel will fail to recognize the errors in time to make a proper effort to prevent them.
It is our conclusion that the law, as announced m paragraph two of the syllabus of and the decision in Columbus Ry. Co. v. Ritter, supra, is applicable and requires a reversal of the judgment of the Court of Appeals in the instant case. We believe that the 1936 change in the language of Section 11560, General Code, fortifies this conclusion.
*117 It follows that .the judgment of the Court of Appeals must be reversed and the judgment of the Common Pleas Court affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias and Hart, JJ., concur.
Stewart and Middleton, JJ., concur in the syllabus and in the judgment.