Matthias, J.
The single question raised by this appeal is whether plaintiffs, by their failure to object thereto, waived their right to rely upon the error of the trial court in its submission of the special interrogatories.
The determinative issue, as will subsequently appear, is whether special interrogatories submitted constitute a part of the charge of the court within the meaning of Section 2321.03, Revised Code.
It must be noted at the outset that the court committed prejudicial error in the submission of the interrogatories when it instructed the jury that it need only answer the interrogatories if its verdict was for the plaintiffs. This question was determined in the case of McFadden v. Thomas, Admx., 154 Ohio St., 405, 96 N. E. (2d), 254, the first paragraph of the syllabus of which reads as follows:
“Where proper interrogatories are submitted to a jury under Section 11420-17, General Code [Section 2315.16, Revised Code], the jury is required to answer them if it renders a general verdict, and it is error to instruct a jury to answer such interrogatories only if it finds a verdict in favor of a particular party.”
It is the contention of the defendant, however, that the conduct of the trial court did not constitute prejudicial error because plaintiffs failed to interpose an objection or exception to the manner in which the court submitted the interrogatories.
It must be pointed out that, while the word, “exception,” is used in the statutes and the cases, such word does not presently have the connotation that it had under the old rules of practice. Such exceptions to rulings are, by statute, no *50 longer necessary. The word, “exception,” as used in modern practice is defined by Section 2321.02, Revised Code, as “an objection taken to a decision of the trial court upon a matter of law.” In other words, “exception” in modern practice means an objection or the calling of an error to the attention of the court in some manner.
It is of course the general rule that errors which arise during the course of the trial of a cause which are not brought to the attention of the court by objection, or otherwise, are waived and may not he urged for the first time on appeal.
This rule, however, does not apply to errors of commission in the charge of the court.
Section 2321.03, Revised Code, reads as follows:
“An exception is not necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon. Error can be predicated upon erroneous statements contained in the charge, not induced by the complaining party, without exception being taken to the charge.”
In Simko v. Miller, 133 Ohio St., 345, 13 N. E. (2d), 914, we said in the third paragraph of the syllabus:
“Under the provisions of Section 11560, G-eneral Code (116 Ohio Laws, 104), erroneous statements of law in a charge, not induced by the complaining party, can be reviewed without exception being taken to the charge.”
Thus, where there are errors of commission in the charge of a court, not induced by the complaining party, a failure to object thereto does not constitute a waiver of the error, and such error may be relied upon in an appeal of such case.
Therefore, if special interrogatories submitted constitute a part of the charge of the court within the meaning of Section 2321.03, Revised Code, plaintiffs did not, by their failure to interpose an objection, waive their right to urge such error on appeal.
Thus the determinative issue is whether special interrogatories submitted constitute a part of the charge of the court within the meaning of Section 2321.03, Revised Code.
The word, “charge,” is defined by Bouvier (8 Ed.) as follows :
*51 “The exposition by the court to a petit jury of those principles of the law which the latter are to apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the legal rights of the parties to the suit.”
The terna, “charge,” is not confined strictly to those matters included in the general charge of the court but necessarily includes any instructions given by the court for the guidance of the jury, whether they originate with the court itself or are 'instigated by the parties in the form of requests for special instructions before argument, special interrogatories or requested additions to the court’s general charge. When a special instruction is given at the request of a party, it is not given as an instruction of such party but as an instruction of the court itself and becomes the law of the case.
In Lima Used Car Exchange Co. v. Hemperly, 120 Ohio St., 400, 166 N. E., 364, Judge Day in the course of his opinion said in discussing the statute on pre-argument instructions requested by the parties:
“Instructions given before argument, under paragraph 7 of Section 11447, General Code [Section 2315.01, Revised Code], ‘shall not be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jurors in their retirement.’ So that such instructions given to the jury become the law of the case equally with any propositions previously given, or given in the general charge by the court, and, even though requested by either party, such principles of law become the law of the case as announced by the trial judge, and are not to be regarded as the law of any particular party.”
Special interrogatories are submitted under the provisions of Section 2315.16, Revised Code, which reads as follows:
“When either party requests it, the court shall instruct the jurors, if they render a general verdict, specially to find upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon. The verdict and finding must be entered on the journal and filed with the clerk.”
The pertinent language therein is, “the court shall instruct the jurors.” Such statute clearly requires an instruction by *52 the court. The mere fact that the parties have the right to instigate the matter has no bearing on the ultimate result. It is the court’s charge.
Consequently, special interrogatories submitted to the jury under the provisions of Section 2315.16, Revised Code, constitute a part of the charge of the court. Being a part of the charge of the court, under the provisions of Section 2321.03, Revised Code, it is unnecessary to except or object thereto in order to preserve any error therein.
In support of his contention that the failure to object to* the manner of the submission of the interrogatories by the trial court constituted a waiver of such error, defendant relies heavily on obiter dictum found in the case of Kennard, a Minor, v. Palmer, a Minor, 143 Ohio St., 1, 53 N. E. (2d), 908, the second paragraph of the syllabus of which provides:
“It is not prejudicial error to give a special instruction before argument at the request of the plaintiff, which, although in the abstract, contains a correct proposition of law, pertinent to the case, where the defendant interposes no objection to the form or the substance of such instruction.”
It is possible to distinguish that case from the one at bar on the ground that there the court was dealing with special instructions containing abstract but correct statements of law, pertinent to that case, whereas, in the instant case, the statement relative to the interrogatories was prejudicially erroneous. However, we are of the opinion that, whether or not a charge contains an erroneous statement of law, modern practice does not require that an objection be made in order to preserve any error contained therein.
Paragraph two of the syllabus in Kennard, so far as it would require a party to interpose an objection to an instruction in order to lay a foundation for review of any error contained therein, is inconsistent with the rules of modern practice and must therefore be overruled.
Several other errors are urged by defendant. However, since we are affirming the judgment of the Court of Appeals and there has been no cross-appeal filed, we may not consider such assignments of error. Parton v. Weilnau, Admx., 169 Ohio St., 145, 158 N. E. (2d), 719.
*53 There being no error in the judgment of the Court of Appeals, it is affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Bell and Peck, JJ., concur.
Zimmerman and Herbert, JJ., dissent.