Marshall, C. J.
 

 This was originally an action brought by Telinde against the Ohio Traction Company in the court of common pleas of Hamilton county, to recover damages on the ground of negligence. Telinde was a passenger on a crowded street car, and was standing on the lower step-off
 
 *126
 
 of the rear platform of the car, and while in this position, and at a time when the car was making a left turn, thereby causing the rear end of the car to swing outward toward the right, the lower step of the car came in contact with the hub of a wagon which the car was then passing, the result of which was that Telinde’s foot was caught between the point of contact of the hub of the wagon and the step of the car, resulting in injuries.
 

 The sole ground of negligence alleged in the petition was the overcrowded condition of the car, that the rear platform of the car was so crowded with passengers that plaintiff was compelled to stand upon the step, and that, with knowledge that Telinde was standing upon the rear step, the car was driven in such manner as to bring the step into contact with a wagon, whereby Telinde’s foot was caught and severely injured.
 

 The traction company answered, denying negligence on its part, and pleading contributory negligence on the part of Telinde in voluntarily and unnecessarily placing himself in a position of danger on the car, and in failing to protect himself from injury by taking a different position upon the car after he saw the danger of collision.
 

 A careful reading of the entire record discloses that evidence was introduced tending to show negligence on the part of the traction company, and that the evidence also tended to show contributory negligence on the part of Telinde.
 

 The jury rendered a verdict in favor of Telinde in the sum of $3,000, upon which judgment was entered. Error was prosecuted therefrom to the
 
 *127
 
 Court of Appeals, which court reversed and remanded the cause for new trial, on the sole ground that the trial court erred in not properly charging the jury. Thereupon Telinde prosecuted error to this court, and the sole question presented is whether or not the cause was submitted to the jury by the trial court under proper instructions.
 

 It is not claimed that the charge contained erroneous instructions, except that portion thereof which related to the measure of damages. The Court of Appeals, in reversing the judgment, criticized the charge in the following language:
 

 ‘ ‘ The action was a negligence case. The defense was a denial of negligence and a charge of contributory negligence. The court in the charge failed to define the issues or to enlighten the jury with reference thereto. It failed to define negligence or contributory negligence. The court did charge that the plaintiff must prove his case by a preponderance of the evidence, but left the jury to guess on what propositions the evidence should preponderate.”
 

 The charge of the court was of ordinary length and consisted in reading the petition, the answer, and the reply, stating the rules for weighing the evidence, defining the preponderance, and instructing the jury as to how they should proceed; but nowhere in the instruction can be found a definition of negligence, or of contributory negligence, or of proximate cause, or any instruction relating to the measure of damages, nr the elements of recovery.
 

 Prior to the arguments of counsel, special requests were presented in writing and were sub
 
 *128
 
 mitted to the jury, and in one' of these requests there are certain instructions relative to negligence, which of course become a part of the instructions to the jury, and it was not necessary to repeat the substance of those special requests in the general charge. Enough appears in the special requests to cover the subject of negligence, in the absence of further request for more elaborate instructions upon that subject, but they do not supply' the omission of any instruction upon the subject of contributory negligence and proximate cause. The charge being clearly deficient, the only difficult question presented for our determination is whether it was the duty of counsel for the traction company to make special requests at the close of the general charge, and whether, in the absence of such requests on the part of counsel, the Court of Appeals erred in reversing the judgment.
 

 Section 11447, General Code, provides in part:
 

 “The court, after the argument is concluded, before proceeding with other business, shall charge the jury.”
 

 The Legislature has not specifically provided what the charge shall contain, but this court has laid down a rule on that subject, which should be a guide to trial courts. In
 
 B. & O. Rd. Co.
 
 v.
 
 Lockwood,
 
 72 Ohio St., 586, 74 N. E., 1071, the rule is stated as follows:
 

 “In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury, the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is
 
 *129
 
 also the duty of the court to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied. It is error to read the pleadings to the jury and then say to the jury, and not otherwise to define the specific issues, that these constitute the pleadings in the case, which make up the issue and from which they will try and determine the controversy between the parties.” Measured by the foregoing rule it is impossible to make a good defense to the claim of error in the charge in the instant case. It is true that only general exceptions were taken and no further requests made for more elaborate instructions, and we are therefore driven to a consideration of the effect of Section 11561, General Code, which provides that general exceptions shall only apply to errors of law existing in the charge that are material and prejudicial to the substantial rights of the excepting party. This section has been construed many times, notably in three leading cases:
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136, and
 
 State
 
 v.
 
 Driscoll,
 
 106 Ohio St., 33, 138 N. E., 376. In each and all of those cases this court has stressed the duty of counsel to aid the court by calling attention to omitted matters, and has placed a large measure of responsibility upon counsel in this behalf. The cases do not, however, overrule the case of
 
 Railroad
 
 v.
 
 Lockwood,
 
 supra, neither do they put the entire responsibility upon counsel. By the provisions of Section 11447, construed and defined by the
 
 Lockwood case,
 
 a very
 
 *130
 
 great responsibility still rests with the court. As between the responsibility resting upon the court, on the one hand, and that resting upon counsel, on the other, it is apparent that cases will constantly arise for which no definite rule can be established. It is not intended in this case to modify or in the least detract from any statements in any of the reported cases dealing with the relative duties of court and counsel. The problem is not always solved, however, by merely determining whether the blame rests upon the court or upon counsel. It may be that both are at fault, and when in such case error intervenes which is material and prejudicial to the substantial rights of the party excepting, what course should be pursued by a reviewing court, Substantial justice to the litigant should be the highest aim of the courts, otherwise the Bill of Rights becomes only a form. In spite of the rules already laid down and those which may hereafter be declared, it is manifest that there will yet remain a twilight zone in which cases will appear where the courts will be compelled to determine upon the particular issues of those cases, and the evidence adduced in support thereof, whether the instructions amount to a charge complying with Section 11447, and, if not, whether it was the duty of counsel to make specific objections and requests for further instructions. In this particular case the problem is of little difficulty. Unless the
 
 Lockwood case
 
 is definitely overruled, the charge in the instant case must be held to be deficient. It has already been observed that there is some evidence in this record tending to show con-
 
 *131
 
 tributary negligence, and this issue should have been submitted to the jury under proper instructions. Inasmuch as the verdict was rendered in favor of the plaintiff, it is impossible to determine what the verdict would have been if proper consideration had been given to that defense. It is true that upon a reading of the pleadings the jury were advised that contributory negligence was one of the defenses. But this court has already declared in the
 
 Lockwood case
 
 that a reading of the pleadings is not a definition of the issues.
 

 Entirely apart from omitted matters, we are of the opinion that the Court of Appeals properly reversed the judgment of the trial court because of the language of the charge upon the subject of measure of damages. Upon this point the charge of the court is contained in three lines:
 

 “If you find in favor of the plaintiff, then it is your duty to assess the amount of damages to which you in your opinion think that he is entitled.”
 

 The jury were given the utmost latitude. They were not limited to expenses for medical treatment, time lost by reason of the injury, and for pain and suffering; neither was anything stated to the jury upon the subject of permanent injuries nor as to the extent of compensating the same. Under the pleadings in this case, the plaintiff was not entitled in any event to recover more than compensatory damages. Under this charge the jury may have considered and allowed exemplary damages. We are not particularly finding fault with the brevity of the charge on that point, and if the
 
 *132
 
 court had merely stated that they might assess damages in such amount as would compensate plaintiff for his injuries and expenses, as disclosed by the evidence, it might in such case very well have thrown upon the counsel for the traction company the duty of asking further instructions. Upon this feature of the case we are of the opinion that the charge was faulty in that which it contained more particularly than in that which it omitted to state.
 

 While a cursory examination of the cases on this subject might seem to indicate some conflict, we are of the opinion that a careful study of them will bring them into harmony. In the case of
 
 Railway
 
 v.
 
 Ritter, supra,
 
 it is evident that the meagerness of the charge was excused by this court by reason of the simplicity of the facts involved. This is shown by the concluding sentence of the opinion, as follows:
 

 “We do not indorse it as a model, and its imitation in other cases might be exceedingly dangerous.”
 

 It was only two years later, and at a time when there had been only one change in the personnel of the court, that a charge which was quite as meager was held in the
 
 Lockwood case
 
 to be not sufficient. In the instant case we do not hesitate to say that the subject of contributory negligence is sufficiently complicated to absolutely require some instructions upon that subject to the jury, and that omission, taken in connection with the erroneous instruction upon the subject of the measure of damages, is
 
 *133
 
 ample reason for affirming the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias and Day, JJ., concur.
 

 Allen, J., concurs in proposition 2 of the syllabus and in the judgment.