### No. 648
COLUMBUS RY. P. & L. CO. v. THOMAS et.
No. 19173. Supreme Court
On motion to certify. Dock. May 28, 1925;
3 Abs. 359.

225. CHARGE TO JURY—1. In a personal injury case, is it error for court to refuse to charge that there was no law or ordinance, that making it negligence per se, to fail to sound bell or gong on approach of car to street crossing?

2. Must jury be restricted to a compensatory damage award?

3. Duty of court to state to jury issues of fact, and instruct separately as to each.

Margaret Thomas, by her next friend, Evans, brought a suit in the Franklin Common Pleas against the Columbus Railway Power & Light Co. for damages for personal injuries sustained by reason of the automobile in which she was riding coming into collision with an electric car operated by the Company.

The negligence charged in Thomas' petition was (1) that the Company saw, or in exercise of reasonable care could have and should have seen the automobile in time to avoid the collision, (2) car was operated at excessive rate of speed, (3) that there was a failure to keep a vigilant lookout ahead, (4) failure to sound gong or give warning of car's approach to the street intersection where collision occurred, (5) failure to keep car under control, (6) failure to give warning and stop car upon first appearance of danger. Negligence was denied by the Company. The Common Pleas judgment was for Thomas and it was affirmed by the Court of Appeals.

The Company takes the case to the Supreme

Court and claims that the trial court erred in not giving certain requested charges, and in holding that they were sufficiently covered by another charge. It is also claimed the court erred in refusing to give an instruction in which is was set forth that there was no statute or ordinance making the failure to sound the gong or bell at the approach of a street crossing, negligence per se. It is contended the court erred in failing to separate and define the issues; also that the general. charge of the court did not meet the requirements of the rule prescribed by the court in construing 11447 GC, Bx O. U. Lockwood, 72 OS. 586 and 109 OS. 125.

It is further contended that all Thomas was entitled to was compensatory damage, and failure of the court in its charge to restrict the award of damages constituted error.

Attorneys—Johnson, Sharp, Schooler & Toland·for Company; F. S. Monnett for Thomas; all of Columbus.