KELLY, etc. v. OHIO TRAC. CO.

Ohio Appeals. 1st Dist. Hamilton Co.

No. 2903. Decided Jan. 10, 1927.

225. CHARGE TO JURY—Error—Where court, in portion of charge as to proximate cause, says "It is for you to say what was the cause of the accident, not the proximate cause," it is misleading and prejudicial.

### First Publication of this Opinion

BUCHWALTER, PJ.

William Kelly, a minor, brought this action, by his father, his next friend, in the Hamilton Common Pleas against the Ohio Traction Co. to recover damages by reason of personal injuries alleged to have been sustained by him when he boarded a car of defendent company,

paid his fare and was forced to stand on the step leading to the rear platform of the car due to its extremely crowded condition; and that while so standing, he was struck in the back by a coal truck, which truck was standing on the street as the street car passed.

It was claimed that plaintiff was a passenger for hire; that a safe place in which to ride was not afforded him; that the car was driven at a fast and dangerous speed past the truck and that the motorman knew or should have known that owing to the crowded condition of the car, he could not pass the truck in safety.

The jury returned a verdict for the company upon which judgment was entered. Error was prosecuted and the grounds assigned as errors were that the verdict and judgment were manifestly against the weight of the evidence and error in the charge of the court. The Court of Appeals held:—

1. The charge of the court is misleading. The issues were not stated; but the court merely stated that the plaintiff complained of negligence of the defendant, and that defendant claimed the plaintiff was negligent.

2. In reference to the degree of care required of a carrier of passengers, the court first charged that it owed the highest degree of care, and later discussed it as reasonable care.

3. The charge as to proximate cause did not state what is meant by proximate cause and at one place says: "It is for you to say what was the cause of the accident, not the proximate cause." This portion of the charge was misleading and prejudicial.

Judgment reversed and cause remanded.

(Hamilton and Cushing, JJ., concur.)

Attorneys—Joseph Lemkuhl for Kelly; DeCamp, Sutphin & Brumleve for Company; all of Cincinnati.