Marshall, C. J.
 

 The parties are in the same relation as they stood in the lower courts. Plaintiff had been shot and severely injured by defendant while they were hunting together. Plaintiff thereupon brought an action alleging several grounds of negligence and claiming damages. Defendant answered denying any negligence on his part and alleged that he handled his gun in the usual manner, using all precautions that hunters usually employ, and that the casualty was accidental. The
 
 *433
 
 cause was submitted to the jury on certain allegations of negligence and proof in support thereof, and the jury returned a verdict for the defendant. On error being prosecuted to the Court of Appeals, plaintiff’s counsel argued in that court, for the first time, that the rule of
 
 res ipsa loquitur
 
 applied, and that the trial court committed reversible error in omitting to charge upon that rule. No request had been made by counsel for an instruction upon that rule, and nothing whatever had been said about it in the trial court. The Court of Appeals therefore affirmed the judgment of the trial court.
 

 The jury not having considered the inference to be drawn from the facts and circumstances, and upon the issue of actual negligence having rendered a verdict in defendant’s favor, the only question before this court is whether the omission of the trial court to instruct the jury upon the subject of
 
 res ipsa loquitur,
 
 in the absence of a request so to do on the part of counsel for the plaintiff, constituted reversible error.
 

 In the state of this record this court is not called upon to decide whether or not a hunting casualty under the circumstances of the testimony offered calls for the application of the doctrine of
 
 res ipsa loquitur.
 
 That doctrine being a rule of evidence, it is not necessary to be pleaded, and it only remains to be determined whether it is the duty of the court to instruct the jury upon that subject, in the absence of a request so to do on the part of counsel for the plaintiff. "We are of the opinion that it is the duty of the trial court to instruct the jury on that subject, if the facts and circumstances shown call for the application of the rule, but it
 
 *434
 
 does not follow that the omission so to do constitutes such failure on the part of the trial court to separately and definitely state to the jury the issues of fact as would amount to a noncompliance with Section 11447, General Code, as interpreted by this court in
 
 B. & O. Rd. Co.
 
 v.
 
 Lockwood,
 
 72 Ohio St., 586, 74 N. E., 1071. It has been many times held by this court that a certain duty devolves upon counsel to request an instruction upon certain questions arising during the trial of a case, where the court has omitted to do so. In the instant case counsel not only made no request, but made no specific objection to the charge. Having taken only a general exception, they have raised no questions of law as to mere omissions of the court, but, on the contrary, have only presented questions of errors of law existing in the charge as given. It not being necessary to plead
 
 res ipsa loquitur,
 
 and there being an issue as to the actual negligence of the defendant, and the court having charged upon that subject, and counsel not complaining in this court concerning the charge as given upon the subject of defendant’s duty to exercise care, it must be concluded that this case comes within the principle declared in
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613;
 
 State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, 103 N. E., 136, and
 
 State
 
 v.
 
 Driscoll,
 
 106 Ohio St., 33, 138 N. E., 376.
 

 Counsel for plaintiff in error have urged that the trial court erred in charging the doctrine of assumed risk. We are of the opinion upon a careful examination of that portion of the charge that the court did not instruct the jury that the plaintiff had assumed any risk.
 

 
 *435
 
 The judgment of the Court of Appeals in affirming the judgment of the trial court is therefore affirmed by this court.
 

 Judgment affirmed.
 

 Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.