Stewart, J.
 

 The sole question before us is whether, under the allegations in plaintiff’s amended petition, a cause of action was stated. This question involves the application of Section 6307-21, General Code, which reads in part as follows:
 

 “* * * and no person shall drive any motor vehicle, trackless trolley or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. ’ ’
 

 The meaning and interpretation of the foregoing statute have been before this court many times, just as similar statutes have been before the courts of other states.
 

 
 *383
 
 In the case of
 
 Skinner
 
 v.
 
 Pennsylvania Rd. Co.,
 
 127 Ohio St., 69, 186 N. E., 722, the syllabus reads:
 

 “The language of Section 12603 [now incorporated in Section 6307-21], General Code, providing that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se. ”
 

 The
 
 Skinner case
 
 was approved and followed in the case of
 
 Gumley, Admr.,
 
 v.
 
 Cowman,
 
 129 Ohio St., 36, 193 N. E., 627.
 

 Tn the
 
 Gumley case
 
 the second paragraph of the syllabus reads:
 

 “The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at. which he can see a discernible object obstructing his path.”
 

 The principles of la w pronounced in the
 
 Skinner
 
 and
 
 Gumley cases
 
 were reaffirmed in the cases of
 
 Kormos
 
 v.
 
 Cleveland Retail Credit Men’s Co.,
 
 131 Ohio St., 471, 3 N. E. (2d), 427, and
 
 Higbee Co.
 
 v.
 
 Lindemann,
 
 131 Ohio St., 479, 3 N. E. (2d), 426.
 

 The fourth paragraph of the syllabus in the
 
 Kormos ease
 
 reads:
 

 “Section 12603, General Code, enacted for the public safety, has fixed a standard of care, and a failure to comply with such standard is negligence per se. It is the duty of the party failing to comply to offer proof excusing his failure to observe such legal standard of eai*e; and if he fails to do so he is guilty of negligence as a matter of law.”
 

 Tn the case of
 
 Smiley
 
 v.
 
 Arrow Spring Bed Co.,.,
 
 138
 
 *384
 
 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960, the syllabus reads:
 

 “1. Section 12603, General Code, is a safety measure which, to accomplish its purpose, must be applied according to its clear and unambiguous language.
 

 “2. To comply with the assured-clear-distance-ahead provision of Section 12603, General Code, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a. discernible object obstructing his. path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.”
 

 In the opinion in the
 
 Smiley case
 
 Judge Hart made an exhaustive review not only of the decisions of this court with reference to the assured-clear-distance statute but those of the courts of Michigan, Pennsylvania and Iowa, which at that time had statutes identical in forms and language with that of Ohio. In many cases cited it was demonstrated that the defendants therein had been guilty of negligence which directly contributed to the injuries and damages suffered by the plaintiffs therein and under the common-law rules of negligence, in the absence of the assured-clear-distance statute, a plaintiff would have had a right to assume, until he had notice to the contrary, that others on the highway would obey the law. But Judge Hart stated that in the light of the requirements of the statute the common-law rule above referred to has little if any application and that the plaintiff can excuse himself only where the distance between his mo ton'vehicle and a discernible object in his line of travel is, without
 
 *385
 
 plaintiff’s fault, suddenly cut down or lessened by the entrance within such clear distance ahead and into his path of travel of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.
 

 In the
 
 Skinner case, supra,
 
 the plaintiff was held guilty of negligence precluding his recovery as a matter of law where he drove his automobile into a train of cars across a' highway on which plaintiff was traveling.
 

 In the
 
 Lindemann case, supra,
 
 the plaintiff was operating an automobile behind a moving truck which stopped without warning, causing plaintiff to crash into the rear of it.
 

 In the
 
 Gumley case, supra,
 
 the plaintiff, in operating his automobile on a foggy, rainy morning, crashed into a slowly moving truck on the highway ahead of him, and in the
 
 Kormos case, supra,
 
 the plaintiff crashed into an unlighted parked car which was covered with dirt.
 

 In the
 
 Smiley case
 
 the plaintiff collided with a truck which was parked without lights on the side of the road on which plaintiff was traveling, and which was over the brow of the hill so that plaintiff could not see it until he was very near to it.
 

 In each of the foregoing cases it was held that regardless of the negligence of the defendant therein the plaintiff had violated the assured-clear-distance statute and, therefore, was guilty of negligence per se which prohibited his recovery.
 

 In the present case, the Court of Appeals was of the opinion that although the rule of the assured-clear-distance statute applied where the obstruction was stationary or was moving very slowly ahead of a driver in his path, nevertheless, a driver lawfully proceeding along a highway may assume that the driver of a
 
 *386
 
 car in front, moving at a normal rate of speed, will obey the law and not make a sudden stop without warning and held that there was a difference between a slowly moving discernible vehicle and one Which was moving at a normal speed, and that in the latter case if the vehicle ahead should be stopped suddenly without warning, which action would constitute negligence per se, compliance with the assured-clear-distance-ahead statute would be excused by the emergency created by the sudden cutting down of the distance ahead.
 

 Nothing came between the vehicle ahead of plaintiff and plaintiff to cut down or lessen that assured clear distance. Assuredly the vehicle coming from the opposite direction did not do so.
 

 When defendant’s vehicle suddenly stopped in front of plaintiff’s automobile it became the unqualified obligation of plaintiff to be able to stop his car within the distance between the discernible object, which was defendant’s automobile, and plaintiff, and if plaintiff could not regulate his speed, relying solely upon the assumption that defendant would not be negligent, the effectiveness of the assured-clear-distance statute would be nullified and we would be back to the ordinary rules of common-law negligence.
 

 It may be said that in a case like the present one the assured-clear-distance statute creates a harsh rule, and that is true. It is a rule, however, not formulated by the courts but declared by an enactment of the General Assembly which doubtless had in mind the creation of a hard and strict rule of conduct in order to attempt to lessen the tragic increase of automobile casualties which so grievously afflict this nation.
 

 We cannot see any distinction as to a discernible object ahead of an automobile driver based upon whether that object is moving at a normal speed, a slow speed, or is static.
 

 
 *387
 
 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Taft and Faught, JJ., concur.