RHOADES, Plaintiff-Appellant, v. CLEVELAND (City), Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22085.  Decided April 30, 1951.

Walter Booth, Harry Clark, Cleveland, for plaintiff-appellant.

Lee C. Howley, Director of Law, Cleveland, for defendant-appellee.

(DOYLE, J, of 9th District sitting by designation.)

**OPINION**

By HURD, J:

This is an action of tort originating in the Court of Common Pleas of Cuyahoga County to recover damages for per-

sonal injuries incurred as the result of a collision between an automobile operated by plaintiff appellant and a street car operated by an employee of the transit system of defendant appellee. The parties will hereafter be referred to as plaintiff and defendant as they appeared in the trial court.

This is the third appeal of the parties to this court. The first trial resulted in a verdict and judgment thereon for the defendant. This judgment was reversed and cause remanded for error of law on the part of the trial court in refusing to charge on the doctrine of last clear chance. The defendant carried the judgment of reversal to the Supreme Court on motion to certify which was overruled.

The second trial resulted in a verdict and judgment thereon for the plaintiff in the sum of $7500.00. This judgment in favor of plaintiff was reversed for error of law on the part of the trial court in withdrawing from the consideration of the jury a special request of defendant to charge before argument, after the request had been granted and the charge properly given to the jury as requested. The third trial resulted in a verdict in favor of defendant. This appeal now comes to this Court on questions of law from the judgment for defendant entered upon the verdict.

The facts are in sharp dispute. The accident giving rise to this lawsuit occurred Nov. 19, 1944, at or about 5:30 P. M. at the intersection of E. 93rd and Carton Avenue. According to plaintiff's testimony he was operating an automobile in a southerly direction on East 93rd Street; upon arrival at Kinsman Road and E. 93rd St., he stopped behind a southbound street car and two or three automobiles, on account of the traffic light being against them; that upon receiving the green light he proceeded at a speed of twelve to fifteen miles per hour; that as he approached Carton Avenue he looked to see where the traffic was, and to see if there was anything to interfere with making a left turn into Carton Avenue; that he gave a signal by putting his left hand out the window; that he let his car go down to a slow speed to make the turn; that his car rolled to a stop on the northbound track; that the southbound street car at that time was several hundred feet on down E. 93rd Street; that as he started to make the turn he saw a northbound street car 300 feet or more away; that after he came to a stop his car stalled and he tried the starter; that the northbound street car was then about 200 feet away; that he heard the motorman ringing the gong right after that; that he tried the starter again; that the street car kept on coming; that he could see the

motorman then very plainly standing facing him; that the street car struck his automobile and he was rendered unconscious.

A witness who was walking south on E. 93rd Street corroborated plaintiff's testimony to the extent that while he was walking south on the west side of E. 93rd Street he saw plaintiff's car stalled on the northbound tracks; that the northbound street car was then about 200 feet from the stalled car; that when the street car was about 100 feet from the stalled car the motorman began to sound the gong and kept it up until the automobile was struck; that he did not know plaintiff before that time; that when he first saw the street car it was moving at from 20 to 25 miles per hour and continued at that speed until the collision.

Defendant presented evidence through the testimony of the motorman of the street car and another witness who had been walking south on East 93rd Street toward Carton Avenue at the time of the collision in support of its contention that plaintiff turned suddenly and without warning from behind the southbound street car directly into the path of the northbound street car which was then only 20 to 30 feet away, a distance within which it was impossible to avoid the collision.

This conflict in evidence presented issues of fact for determination of the jury under proper instructions of law by the court.

Therefore we shall confine this opinion to a discussion of the first assignment of error, namely, error of the court in its charge to the jury, as the second assignment of error, namely, that the verdict is against the manifest weight of the evidence cannot be sustained.

The petition of the plaintiff charged that the defendant was negligent in five separate specifications which may be condensed as follows:

1. Under the doctrine of last clear chance
.2. Failure to maintain proper control of the street car
3. Failure to stop or abate the speed of the street car
4. Failure to maintain proper lookout
5. Operating a street car at a speed greater than would permit its stoppage within the assured clear distance ahead.

Issue was made upon the five specific charges of negligence contained in the petition by the answer of the defendant, which while admitting that a collision occurred between one of its street cars and the automobile operated by plaintiff, denied negligence on its part in any of the respects charged in the petition.

The error complained of on the part of the trial court is

predicated upon the failure of the court separately to state and define the various issues of facts made in the pleadings and the evidence and to give proper instructions to the jury in respect thereto. The brief of plaintiff contains the following quotations from the general charge:

"The plaintiff claims that the defendant was negligent in the manner in which the collision occurred and the plaintiff has set forth certain specifications of negligence, specifications in which he claims the person operating the street car was guilty of negligence in the operation of the car at the time and place of this collision.

"The defendant has denied that it was negligent or its driver was negligent in any respect, and claims that the plaintiff was guilty of negligence and that his negligence was the cause of the collision and his subsequent injuries, or that his negligence contributed to the negligence of the defendant, if any, to bring about and to cause this collision. Therefore defendant claims that the plaintiff is not entitled to recover in this case.

"These claims of negligence and these denials make up what we call the issues in the case. In this type of a case that issue is bound up really in what the jury may find was the manner of the happening of the accident. What movements were being made by the motor vehicle; what movements were being made by the driver of the street car just before and at the time of this collision? Upon these questions the parties are at variance and their variance as I have stated, makes up the issues in this case. Without going into detail too much and stating it only in a general manner, the plaintiff claims that he was proceeding in a southerly direction along East 93rd Street, operating at a low rate of speed and that at or near the intersection of Carton Avenue and East 93rd Street he put his car into low speed and proceeded to make a left turn into Carton Avenue. He claims that after he made the turn when he was in this intersection his car stalled or came to a stop and that at the time the street car was approaching from the south a considerable distance away, and that the driver of the street car failed and neglected to stop or control the movements of this street car and caused it to collide with his motor vehicle. I have not covered all of the details, but that is the general picture which has been painted here by plaintiff."

It will be observed that in the above quoted part of the charge the trial court failed to separate and define specifically the issues of fact made by the pleadings and the evidence.

However, in passing upon a claim of prejudicial error in the instructions of the trial court to the jury, we must consider the charge as a whole and if it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error can be held to have resulted. Applying this test we have examined the charge as an entirety and find that the court failed throughout the charge to separate and define the issues of fact relating to four specifications of negligence set forth in plaintiff's petition. The court did not read any part of the pleadings to the jury and did not separate and define the specific issues involved in the specifications of negligence included in charges two to five, both inclusive, above set forth.

The court charged upon the doctrine of last clear chance but under plaintiff's specifications of negligence and evidence plaintiff was not obliged to rely upon this claim alone and certainly a charge on this subject alone could not be a substitute for the duty resting upon the trial court to separate and define the other issues of fact made by the pleadings and the evidence.

In 2 O. Jur., "Appellate Review" Section 744, page 1390 et seq., it is stated that:

"It is well settled in Ohio that it is prejudicial and reversible error for the trial court to give a charge which is so meager that it fails to define the specific issues involved or to present them to the jury in such a way that they may have them completely in mind. Thus, it has been stated that it is the imperative duty of the trial court to separate the issues of fact from the issues of law, to separate and define the various issues of fact made in the pleadings, and to give proper instructions in regard to each, calling the attention of the jury to the material allegations of fact which are admitted and to those which are denied, and that failure to perform such duty constitutes reversible error except possibly in cases involving only a single tersely stated issue."

Citing numerous authorities, including:—**Baltimore & Ohio R. R. v. Lockwood, 72 Oh St 586, 74 N. E. 1071; Simko v. Miller** (1938), **133 Oh St 345, 13 N. E. 2d. 914, 10 O. O. 535; Ford Motor Co. v. Barry, 30 Oh Ap 528, 165 N. E. 865** (m. c. o. Oct. 30, 1939) (failure to submit to jury under charge, one of the defenses contained in the answer); **Avra v. Karshner, 32 Oh Ap 492, 168 N. E. 237; Faucett v. Hensley, 35 Oh Ap 16, 171 N. E. 352** (stating that to "separate" means to disconnect, divide or sever, and not either to read the pleadings or to state the substance thereof, and that "to state definitely the issues of fact made in the pleadings" means to state them with cer-

tainty); **Ribarin v. Kessler** (1946), **78 Oh Ap 289,** 70 ' N. E. 2d. 107; **Kelley v. Ohio Traction Co.,** 24 Oh Ap 539, 157 N. E. 765.

And many others too numerous to detail here at length.

· To the same effect see: **Jones v. People's Bank, 95 Oh St 253, 260, 261;** 116 N. E. 34; **Telinde v. Ohio Traction Co., 109 Oh St 125;** 141 N. E. 673; **Lima Used Car Exchange Co. v. Hemperly, 120 Oh St 400, 405;** 166 N. E. 364; **39 O. Jur. (Trial) page 915, Sec. 248; 12 Page's Ohio Digest, Part 1, "trial" page 518, Sec. 124.1** and numerous authorities therein cited.

The pleadings and the evidence in this case are such that the instructions to the jury cannot be reduced to a single tersely stated issue. An example in point is plaintiff's specification of negligence No. 4 where it was charged that defendant was negligent in operating the streetcar at a greater speed than would permit the same to be brought to a stop within the assured clear distance ahead. Nowhere throughout the charge do we find any reference to this specification of negligence. It was the duty of the court under the issues made by the pleadings and the evidence to submit this issue to the jury with proper instructions and leave the determination of the issue of fact to the jury. The plaintiff had a right to have this charge presented under plaintiff's evidence to the effect that the street car was 300 feet or better away from the intersection when plaintiff attempted to execute the left turn.

Present **§6307-21 GC** providing in part that no person shall drive any motor vehicle, trackless trolley or street car at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead is a successor statute to former **§12600 GC,** containing the same language. In the case of **Skinner v. Penna R. R., 127 Oh St 69,** the court held that violation of that statute would be negligence per se; the single paragraph of the syllabus being as follows: ·

"The language of **§12603 GC,** providing that no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which constitutes negligence per se."

This case was approved and followed in **Gumley, Admr. v. Cowman, 129 Oh St 36,** the syllabus of which is as follows:

"1. The language of **§12603 GC** providing that no person shall drive any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the assured clear distance ahead, is a specific requirement of law, a violation of which con-

stitutes negligence per se. (**Skinner v. Penna. R. R., 127 Oh St 69** approved and followed.)

"2. The present legislative requirement establishes a subjective test whereby a driver is prohibited from operating any motor vehicle in and upon any public road or highway at a rate of speed greater than will permit him to bring it to a stop within the distance at which he can see a discernible object obstructing his path."

It was the imperative duty of the court so to charge in this case. On the other hand, under the evidence adduced by the defendant it would likewise be the duty of the court to instruct the jury that the rule would not apply if the jury should find that the assured clear distance ahead was without fault of the operator of the street car suddenly cut down or lessened by the entrance within such clear distance ahead and into his path or line of travel of some obstruction (in this case the automobile of plaintiff) which would render him unable, in the exercise of ordinary care, to avoid colliding therewith.

Likewise the court should have charged specifically that the duty rested upon the operator of the street car in the exercise of ordinary care to keep the same under control, to maintain a proper lookout and to stop or abate the speed of the street car so as to avoid the collision, such instructions to be properly qualified to meet the issues raised by the pleadings and the evidence in the case.

It is true that in the course of the charge the court stated that there was a burden on both parties to keep a lookout and keep their vehicles under control but here again the court failed to charge specifically on these issues. Reference to these matters was more of a casual than of a definitive nature.

The defendant argues that while plaintiff excepted to the charge generally, no specific request was made to instruct the jury on the issues of fact and propositions of law of which plaintiff complains and that it was the duty of plaintiff to call the same to the attention of the court. Citing **Columbus Ry. Co. v. Ritter, 67 Oh St 53.**

In this connection we think it pertinent to point to the language employed by Marshall C. J., in the case of **Telinde v. Ohio Traction Co., 109 Oh St 125,** reference to the effect of Columbus Ry. Co., v. Ritter and later cases on this subject. In referring to §11561 GC, since repealed, he said in behalf of a unanimous court:

"This section has been construed many times, notably in three leading cases: **Columbus R. Co. v. Ritter, 67 Oh St 53,**

65 N. E. 613; **State v. McCoy, 88 Oh St 447,** 103 N. E. 136 and **State v. Driscoll, 106 Oh St 33,** 138 N. E. 376. In each and all of those cases this court has stressed the duty of counsel to aid the court by calling attention to omitted matters, and has placed a large measure of responsibility upon counsel in this behalf. The cases do not, however, overrule the case of **Baltimore & Ohio R. R. v. Lockwood, 72 Oh St 586,** 74 N. E. 1071, neither do they put the entire responsibility upon counsel. By the provisions of §11447 GC (now §11420-1 GC) construed and defined by the Lockwood case, a very great responsibility still rests with the court. As between the responsibility resting upon the court, on the one hand, and that resting upon counsel, on the other, it is apparent that cases will constantly arise for which no definite rule can be established * * * The problem is not always solved * * * by merely determining whether the blame rests upon the court or upon counsel. It may be that both are at fault and when in such case error intervenes which is material and prejudicial to the substantial rights of the party excepting, what course should be pursued by a reviewing court? Substantial justice to the litigant should be the highest aim of the courts otherwise the Bill of Rights becomes only a form. In spite of the rules already laid down and those which may hereafter be declared, it is manifest that there will yet remain a twilight zone in which cases will appear where the courts will be compelled to determine upon the particular issues of those cases and the evidence adduced in support thereof, whether the instructions amount to a charge complying with §11447 GC (Now §11420-1 GC) and if not, whether it was the duty of counsel to make specific objections and requests for further instructions." **Telinde v. Ohio Traction Co., 109 Oh St 125,** 141 N. E. 673.

We think that in this case the failure to separate and define the issues of fact and to accompany the same with proper instructions of law relating thereto, made the same wholly inadequate and constituted error of commission as well as omission under the particular circumstances of this case.

This view is further confirmed by the action of the trial court in the instructions to the jury in favor of the defendant. The answer of the defendant is in effect a general denial and does not plead any specific defenses. The court charged in favor of the defendant, (1), that the street car had the right of way; (2) that the plaintiff before turning or changing the course of the vehicle was obliged to make sure that the movements could be made with reasonable safety; (3) that it was the duty of plaintiff to cause signals to be given of his

intention to change the course of his vehicle in a way visible outside the motor vehicle and that failure to do so would be negligence per se in the violation of a specific lawful requirement; (4) that the plaintiff could not recover if he was guilty of negligence in the slightest degree contributing to his injuries. Three of these same charges were given in writing before argument and repeated in the general charge. We find no error in these charges per se as we think issues in respect thereof were created by the evidence. But we find that these charges in favor of the defendant, when contrasted with the failure to separate and define the issues in favor of the plaintiff as raised by the pleadings and evidence, resulted in giving undue prominence and emphasis to the evidence adduced upon behalf of defendant.

On this subject we direct attention to **39 O. Jur. "Trial" Sec. 255 page 931:**

"In the language of the Ohio Supreme Court, the trial judge should not give 'a charge which confines the attention of the jury to one view of the case when there is more than one which they should consider,' or one which has the vice of confining itself and the jury's attention to the theory of the case promulgated by one party, ignoring that which the other puts forth."

For the reasons stated, it is our conclusion that in considering the charge as a whole it was prejudicially erroneous to the rights of the party complaining and that the cause should be reversed and remanded for further proceedings according to law.

This opinion is written to assist the trial court, in the event that the case is re-tried, so that he may be able to instruct the jury fully, fairly and impartially, and in such a manner that whatever the result, neither party will have any further just cause for complaint.

Judgment reversed and cause remanded for further proceedings according to law. Exc. Order see journal.

SKEEL, PJ, DOYLE, J, concur.