SEVEN HILLS (Village), A Municipal Corporation, Plaintiff-Appellee, v. CERNY et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24310. Decided February 27, 1958.

John K. Jensen, for plaintiff-appellee.
Edward I. Siegel, Siegel & Siegel, for defendants-appellants.

## OPINION

Per CURIAM:

Pursuant to an order of this Court, the trial of that phase of this case dealing with damages claimed to have been sustained by defendants-appellants from June, 1953 to July, 1955, as a result of the conduct and

acts of plaintiff in respect to defendants' property, was referred to the Court of Common Pleas, where trial was had before the court and jury, resulting in a verdict in favor of the plaintiff-appellee, Village of Seven Hills, upon which judgment was rendered by the court.

Motion for new trial by defendants-appellants having been made and overruled, this appeal comes to the Court now on a question of law

It is the claim of the defendant that the finding of the jury was contrary to the manifest weight of the evidence and contrary to law, that the verdict was given under the influence of passion and prejudice, and that the court erred in its instructions to the jury.

In reviewing the record, we find that there was testimony introduced in the trial of the damage suit in the Court of Common Pleas which was not brought before this Court. The record shows clearly that there were disputed questions of fact which were resolved by the jury in favor of plaintiff-appellee. Therefore, we cannot say that the verdict of the jury was contrary to the manifest weight of the evidence. Neither do we find any basis in the record for the claim that the jury's verdict was influenced by passion and prejudice. The claim of error in the charge of the court to the jury is one of omission. The defendants-appellants cannot complain of this because the omission was not called to the attention of the court, and under the doctrine of **Rhodes v. Cleveland, 157 Oh St 107,** the failure to call the attention of the court to such omission will not justify a reversal.

For the foregoing reasons, the judgment of the Court of Common Pleas is affirmed.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.