HIPP, APPELLANT, v. WILLIAMS, APPELLEE.

(No. 5323—Decided December 19, 1960.)

Mr. Matt Kolb, for appellant.
Messrs. Ritter, Boesel & Holden, for appellee.

SMITH, J.  This is an appeal by plaintiff-appellant on questions of law from a judgment entered on a verdict in the Common Pleas Court for defendant-appellee.  The parties will here be referred to as plaintiff and defendant as they appeared in the trial court.  Suit was instituted in the Common Pleas Court by plaintiff to recover for personal injuries and damage to an automobile alleged to have been received when the automobile operated by plaintiff was struck in the rear by the automobile operated by defendant, the claim for damages to the automobile being abandoned during trial.  The first trial resulted in a verdict for plaintiff and a new trial thereof was had following the granting of a motion by defendant to set aside the verdict and for a new trial.  The second trial resulted in a verdict and judgment for defendant and a motion for new trial was overruled.  Plaintiff appeals from that judgment.

The amended petition alleges that the collision was due directly and proximately to the negligence of the defendant, (a) in operating his automobile without having the same under control, (b) in failing to stop or decrease his speed or change the course of his path so as to avoid colliding with plaintiff's automobile, and (c) in failing to stop within the assured clear distance ahead, which failure resulted in striking the automobile

operated by the plaintiff. The answer to the amended petition admitted a collision occurred but not in the manner as described in the amended petition, and alleged an affirmative defense of contributory negligence of the plaintiff, denied by plaintiff's reply.

Plaintiff assigns the following errors:

(1) That the court erred in overruling the motion for a new trial; (2) error in giving special instructions to the jury; (3) error in the general charge to the jury; (4) the verdict is manifestly against the weight of the evidence; and (5) other errors appearing in the record.

The evidence is not entirely in conflict. It reveals that plaintiff's automobile was struck from the rear by defendant's automobile while traveling in the same lane of traffic and direction in an intersection of two streets in the city of Toledo, the automobile of plaintiff appearing to slow down or jerk without giving a hand or mechanical signal of such movement.

Upon the fourth assignment of error, after a careful consideration of the evidence, the question as to whether the injuries of the plaintiff were proximately caused by the collision of the automobiles was a question for the jury and it can not be said that the verdict and judgment are manifestly against the weight of the evidence.

It is clear that the pleadings and the evidence presented the issue of assured clear distance ahead, imposing a duty on the court to instruct the jury as provided by Section 4511.21 of the Revised Code. However, upon the evidence and circumstances of this case we do not believe that the court would have been justified in directing a verdict for plaintiff as was done in *Satterthwaite* v. *Morgan, Jr.*, 141 Ohio St., 447, and *Bickel* v. *American Can Co.*, 154 Ohio St., 380. Especially was this warranted upon the issue of contributory negligence since sufficient evidence was adduced to present a jury question with proper instructions of law, which were given by the court to the jury.

Some difficulty is encountered as to assignment of errors (2) and (3) regarding preargument instructions to the jury and the general charge to the jury. The defendant submitted six requests for instructions to the jury before argument, of which

five were given by the court. These instructions were correct statements of the law, elliptically but substantially here stated as follows: (1) that the defendant is presumed not to be negligent unless proved so by the greater weight of evidence, and negligence cannot be presumed simply because a collision occurred; (2) that plaintiff was required to use ordinary care (defined) for her own protection; (3) that a finding of negligence of plaintiff proximately contributing to her injuries would preclude recovery by plaintiff; (4) that negligence of the defendant must be proved by a preponderance of the evidence; (5) that Section 4511.39 of the Revised Code of Ohio provides for (reading therefrom) signals for turning a vehicle from direct course, from right to left, and that no person should stop or suddenly decrease the speed of the vehicle without appropriate signals as prescribed, either hand or mechanical, and the required movement of arm signals; that a failure to so observe the statutory requirement which contributed in any degree to cause the collision would call for a verdict for defendant.

Plaintiff's counsel stated, "Let the record show an objection by the plaintiff to the giving of the special charges."

The general charge to the jury was a correct statement of the law upon the issues joined as far as it went but failed to include a charge on the issue of assured clear distance ahead as provided by Section 4511.21 of the Revised Code. At the conclusion of the general charge, the court said: "Ladies and gentlement of the jury, this concludes the instruction of the court in this case unless the attorneys have something further they would like to have the court say to you." Counsel for plaintiff thereupon responded to the court by saying, "Nothing," and counsel for defendant, "No."

Counsel for plaintiff urges that all the issues in the case were not submitted to the jury because of the omission to charge on the assured clear distance ahead, which was "injected into the case" by the evidence and rendered the defendant guilty of negligence per se, and that the plaintiff was not guilty of contributory negligence. On the latter, we have found above that the issue of contributory negligence was a question for the jury.

On the first question, counsel for defendant cite the case of

*Rhoades* v. *City of Cleveland*, 157 Ohio St., 107, 105 N. E. (2d), 2. The syllabus is as follows:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal."

An examination of that case, including the record, briefs of counsel and opinion of the Court of Appeals (60 Ohio Law Abs., 159) by Hurd, J., Vol. 157 Ohio Supreme Court Records and Briefs, case No. 32699, in the light of the syllabus above quoted and the opinion by Taft, J., reveals some interesting similarities to the case at bar.

Three trials were had in the *Rhoades case*. The third trial resulted in a verdict for the defendant, which was appealed to the Court of Appeals. The plaintiff excepted to the charge of the court generally. The petition charges five separate specifications of negligence covering the doctrine of last clear chance, failure to maintain proper control of streetcar, failure to maintain proper lookout and operation at a speed greater than would permit stoppage within the assured clear distance ahead. The opinion in the Court of Appeals states:

"The court charged upon the doctrine of last clear chance but under plaintiff's specifications of negligence and evidence plaintiff was not obliged to rely upon this claim alone and certainly a charge of this subject alone could not be a substitute for the duty resting upon the trial court to separate and define the other issues of fact made by the pleadings and the evidence."

In support thereof were cited the leading cases of *Baltimore & Ohio Rd. Co.* v. *Lockwood*, 72 Ohio St., 586, 74 N. E., 1071; *Simko* v. *Miller*, 133 Ohio St., 345, 13 N. E. (2d), 914; *Jones* v. *People's Bank Co.*, 95 Ohio St., 253, 116 N. E., 34; *Telinde* v. *Ohio Traction Co.*, 109 Ohio St., 125, 141 N. E., 673; *Lima Used Car Exchange Co.* v. *Hemperly*, 120 Ohio St., 400, 166 N. E., 364. The opinion continues:

"* * * Nowhere throughout the charge do we find any reference to this specification of negligence [assured clear distance ahead]. It was the duty of the court under the issues made by the pleadings and the evidence to submit this issue to the jury with proper instructions and leave the determination of the issue of fact to the jury. * * *

"It is true that in the course of the charge the court stated that there was a burden on both parties to keep a lookout and keep their vehicles under control but here again the court failed to charge specifically on these issues. Reference to these matters was more of a casual than a definite nature. * * *

"We think that in this case the failure to separate and define the issues of fact and to accompany the same with proper instructions of law relating thereto, made the same wholly inadequate and constituted error of *commission as well as omission* under the particular circumstances of this case." (Emphasis ours.)

In the opinion in the Supreme Court, Judge Taft made an exhaustive review of the above named cases and quoted paragraph five of the syllabus of *Simko* v. *Miller, supra*:

"In submitting a case to the jury, it is the duty of the court to separately and definitely state to the jury the issues of fact made by the pleadings, accompanied by such instructions as to each issue as the nature of the case may require."

And then Judge Taft followed by stating:

"Although the court does have such a duty, it does not follow that the omission to perform that duty would be reversible error in the event that counsel had not called such omission to the court's attention. See *Beeler* v. *Ponting, supra* [116 Ohio St., 432]; *Columbus Ry. Co.* v. *Ritter, supra* [67 Ohio St., 58]; *State* v. *McCoy, supra*, 450 [88 Ohio St., 447]."

The Supreme Court examined the opinion of the Court of Appeals. And as true in the case at bar, it is there stated in the opinion with reference to the fact that there was no contention that there was error in anything which the trial court said in its charge to the jury:

"No such error is referred to by the Court of Appeals either in its journal entry or in its opinion. However, we have considered the belated contention in plaintiff's supplemental brief, that some of the language used by the trial judge represented an erroneous charge with respect to the statutory 'assured-clear-distance-ahead' rule. We are of the opinion that the language referred to was not intended as and cannot be understood as a charge relating to that rule."

Although the Court of Appeals said it was an error of com-

mission, the Supreme Court says it was not reversible error of omission without calling same to the court's attention under then Section 11560, General Code, and now Section 2321.03, Revised Code. See *State* v. *Glaros*, 170 Ohio St., 471, 166 N. E. (2d), 379; *Village of Seven Hills* v. *Cerny*, 106 Ohio App., 189, 148 N. E. (2d), 99. Thus it may further be inferred that such failure to charge does not of itself alone render the other charges given erroneous.

The opinion, on pages 113 and 114 of the *Rhoades case*, settles the question as to the degree of flagrancy or seriousness of an error of omission:

"Furthermore, such a decision would necessarily amount to a holding that, if the error of omission was very serious and consequently quite apparent to counsel, then, in order to complain about it later, counsel would not have to give the court an opportunity to avoid that error when it could be avoided; but, if it was not very serious and consequently not so apparent to counsel, then, in order to complain about it later, counsel would have to give the court such an opportunity. The more serious and apparent such an error is, the easier it should be for counsel to recognize it and call the court's attention to it. If, before the verdict, counsel is not sufficiently concerned about the potential danger to his cause from a serious error of omission to request the trial court to avoid that error when it can be avoided, it is difficult to understand why a reviewing court should later be concerned when, because of counsel's neglect, it no longer can be avoided."

Considering the general exception to the preargument requests of defendant given by the court, the brief of counsel for plaintiff complains that the charges are erroneous statements of the law, but with this we disagree. However, in view of the fact that the court omitted the charge on the issue of assured clear distance ahead, it may be argued that such charges gave undue emphasis to plaintiff's duties under the circumstances. This was likewise referred to by Hurd, J., in his opinion as follows:

"We find no error in these charges per se as we think issues in respect thereof were created by the evidence. But we find that these charges in favor of the defendant, when contrasted

with the failure to separate and define the issues in favor of the plaintiff as raised by the pleadings and evidence, resulted in giving undue prominence and emphasis to the evidence adduced upon behalf of defendant.''

We have noted that the Supreme Court examined the opinion of the Court of Appeals and, notwithstanding, it observed no error on that basis by the situation arising in the *Rhoades case*, which is similar to the case at bar. Hence we find assignment of error (2) not well taken.

What has been discussed disposes of the other assignments of error as not well taken or nonprejudicial. Therefore, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

FESS, J., concurs.
DEEDS, J., dissents.

FESS, J., concurring. I agree with the statement of Judge Smith that the general charge was a correct statement of the law applicable to the case, so far as it went. The court digested the contentions of the respective parties made by the pleadings, defined negligence, burden of proof, preponderance of the evidence, proximate cause, and also dealt with the subjects of contributory negligence, credibility of witnesses and damages.

The court also charged generally with respect to the duty of a driver of a motor vehicle to keep a lookout ahead, keep his vehicle under such control as would permit him to stop within a reasonable distance (not within the assured clear distance ahead) and so as not to endanger the life, limb or property of any person in the lawful use of the highway, concluding that a violation thereof would be a lack of the exercise of ordinary care. But the court neglected to comment on the most important issue raised by the pleadings and supported by the evidence, namely, violation of the assured-clear-distance-ahead rule. The court should have referred to the statutory requirement and have told the jury that if it found the defendant violated such requirement he would have been guilty of negligence as a matter of law, and if the jury should find that such negligence was a

proximate cause of the injury to the plaintiff, and if it should further find the plaintiff free from negligence proximately contributing to her injury, in such event its verdict should be returned for the plaintiff. As the case went to the jury, it would gain a definite impression that the defendant was required to exercise only ordinary care notwithstanding the fact that had it been properly instructed, the jury could well have found that the defendant was guilty of negligence as a matter of law in failing to observe the assured-clear-distance-ahead rule which proximately caused plaintiff's injury.

Were it not for the decision of the Supreme Court in *Rhoades* v. *City of Cleveland*, 157 Ohio St., 107, 105 N. E. (2d), 2, the writer would have the definite opinion that, considering the charge as a whole, the jury was misled to the prejudice of the plaintiff and also that the giving of the special charges requested by the defendant, taken in consideration with the general charge and particularly the omission to charge on assured clear distance, gave undue prominence and emphasis to the defendant's case. *American Steel Packing Co.* v. *Conkle*, 86 Ohio St., 117, 99 N. E., 89; *Uncapher, Admr.,* v. *West, Recr.,* 100 Ohio St., 202, 126 N. E., 91.

The failure to charge on assured clear distance clearly, if not flagrantly, violated the well-established rule that in submitting the case to the jury it is the duty of the court to separately and definitely state to the jury the issues of fact made by the pleadings, accompanied by such instructions as to *each* issue as the nature of the case may require. *Baltimore & Ohio Rd. Co.* v. *Lockwood*, 72 Ohio St., 586, 74 N. E., 1071; *Jones* v. *People's Bank Co.*, 95 Ohio St., 253, 116 N. E., 34; *Ohio Collieries Co.* v. *Cocke*, 107 Ohio St., 238, 140 N. E., 356; *Telinde* v. *Ohio Traction Co.*, 109 Ohio St., 125, 141 N. E., 673; *Lima Used Car Exchange Co.* v. *Hemperly*, 120 Ohio St., 400, 166 N. E., 364; *Simko* v. *Miller*, 133 Ohio St., 345, 13 N. E. (2d), 914.

Notwithstanding the foregoing observation, the Supreme Court in the *Rhoades case* recognized and approved the rule in the *Lockwood, Simko* and other cases cited above, but further held that, notwithstanding the violation by the court of such rule, in the absence of request by counsel to supply the omissions, such error of omission did not justify a reversal. Thus,

the court, although recognizing and approving the *Lockwood* and *Simko* rule, holds that it does not follow that the omission to perform that duty is reversible error in the event counsel has not called such omission to the court's attention, thereby following and reapproving *Adams* v. *State*, 25 Ohio St., 584; *Columbus Ry. Co.* v. *Ritter*, 67 Ohio St., 53, 64, 65 N. E., 613; *State* v. *McCoy*, 88 Ohio St., 447, 454, 103 N. E., 136; *Beeler* v. *Ponting*, 116 Ohio St., 432, 156 N. E., 599; *State* v. *Tudor*, 154 Ohio St., 249, 95 N. E. (2d), 385; and *Karr, Admr.*, v. *Sixt*, 146 Ohio St., 527, 67 N. E. (2d), 331. It may be noted that the court emphasizes the language employed in Section 11560, General Code (Section 2321.03, Revised Code), enacted in 1935, subsequent to the decision in *Beeler* v. *Ponting*, and decisions prior thereto. The court has continued to follow this rule in *Wood* v. *General Electric Co.*, 159 Ohio St., 273, 112 N. E. (2d), 8; *Fantozzi, Exrx.*, v. *N. Y., C. & St. L. Rd. Co.*, 161 Ohio St., 485, 120 N. E. (2d), 104; *Shellock* v. *Klempay Bros.*, 167 Ohio St., 279, 286, 148 N. E. (2d), 57. See, also, *State* v. *Glaros*, 170 Ohio St., 471, 166 N. E. (2d), 379.

In concurring in the opinion of Judge Smith, we have not overlooked the syllabus in the *Rhoades case* reciting "such errors of omission will not *ordinarily* justify a reversal," thus apparently leaving the matter open for distinguishing the facts presented in the *Rhoades case* from those presented for review in another case.

The record as well as the opinion of Hurd, J., in the *Rhoades case* have been read with some care and the writer is unable to distinguish it from the instant case. The facts are different, but the principles of law presented for decision are the same. As a matter of fact, the omissions in the *Rhoades case* are more numerous, if not more flagrant, than those in the instant case.

It has occurred to the writer that there should possibly be an intermediate position in the application of the rule of the *Lockwood* and *Simko cases*, in juxtaposition to the *Ritter* rule in this respect: upon the failure of a court to charge upon one or more important issues in a case wherein counsel has failed to direct attention to such omission, the reviewing court should be permitted to review the charge as a whole in connection with

special charges as well as the entire record and determine whether a party has been accorded a fair trial. However, in the *Rhoades case*, the Court of Appeals determined that, taking the charge as a whole, together with special instructions, gave undue prominence and emphasis to the defendant's case. As indicated above, the writer is of like opinion with respect to the instant case, but in reversing the Court of Appeals the Supreme Court rejected this conclusion of the Court of Appeals.

The writer is of the further opinion that inasmuch as the sole responsibility is now placed upon a losing party to call the court's attention to even the most flagrant error of omission in a general charge, the Supreme Court ought to afford the opportunity to reconsider its decision in the *Rhoades case*. Nevertheless, judicial subordination compels me with some reluctance and regret to concur in the judgment of affirmance in this case.

DEEDS, J., dissenting. It is my view that the facts in the case now before this court are not analogous to the facts in *Rhoades* v. *City of Cleveland*, 157 Ohio St., 107, 105 N. E. (2d), 2. The Supreme Court decided in the *Rhoades case, supra,* that the error complained of was an error of omission, which omission was not called to the attention of the trial court. The syllabus in the *Rhoades case, supra,* is as follows:

"Where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel has requested the court to supply the omissions, such errors of omission will not ordinarily justify a reversal. (Section 11560, General Code, applied.)"

It is my view in the case before us, that there was an error of omission and also an error of commission in the charge of the court to the jury. It is the error of commission in the charge of the trial court which distinguishes this case from the *Rhoades case, supra.* The charge of the court in the *Rhoades case* was applicable to the issues as shown by the evidence in that case, but the same or a similar charge was erroneous when applied to the evidence in the case now before us.

In the case now before this court, the amended petition charged negligence against the defendant as follows:

(A) In operating said automobile without having same under control.

(B) In failing to stop or decrease his speed or change the course of his path so as to avoid colliding with plaintiff's automobile.

(C) In failing to stop within the assured clear distance ahead, which failure resulted in striking the automobile operated by the plaintiff.

The undisputed evidence on the trial of the case, is that the defendant operated his automobile into collision with the rear of plaintiff's automobile while travelling in the same direction in the same traffic lane.

It is clear, therefore, that the defendant violated the law as to the assured clear distance, as provided in Section 4511.21, Revised Code. *Bickel* v. *American Can Co.*, 154 Ohio St., 380, 96 N. E. (2d), 4.

The trial court charged the jury with respect to the law applicable to the grounds of negligence contained in specifications (a) and (b) as set out above, but omitted and failed to charge or give the jury instructions as to the law applicable to the assured clear distance as set out in specification (c) of the amended petition.

The undisputed evidence that the defendant had violated the rule as to the assured clear distance made a charge on specifications (a) and (b) not only unnecessary, but when applied to specification (c) (the assured clear distance), could not fail to mislead and confuse the jury.

The part of the charge of the trial court pertinent here is as follows:

"Now, ladies and gentlemen of the jury, the statutuory law of Ohio provides that it shall be unlawful to operate a motor vehicle upon a public highway so as to endanger the life, limb or property of any person while in the lawful use of the highway. It was the duty of the defendant in this case to keep a lookout ahead. The defendant was required under the law to look to the front of the vehicle in the direction in which he was proceeding to the end that he might so operate his motor vehicle so as to avoid collision and injury. Both plaintiff and defendant are chargeable under the law with knowledge of such traffic conditions in the highway over which they were travelling as were reasonably discernible in the exercise of ordinary care. The

law requires that all motor vehicles be equipped with signalling devices for giving signals, if the occasion so requires, and also equipped with a steering device and sufficient brakes to control said motor vehicle at all times; all to the end that such vehicles may at all times be under the guidance and control of the operator thereof, so that they may be guided, checked, and controlled in the exercise of ordinary care. In other words, it was the duty of the defendant, not only to keep a lookout ahead, but to keep the motor vehicle operated by defendant under such control that he could properly guide, check, and control it, reduce its speed or entirely stop it within a reasonable distance, if the circumstances were such as required defendant to do any, or all of these things, in order to bring defendant within the rule of using and exercising ordinary care under the circumstances existing at said time and place.

"In the course of these instructions I have outlined and defined to you the legal rights and duties of both the plaintiff and the defendant. I shall now summarize the issues to be determined by the jury and shall instruct you concerning them.

"First of all, you must determine whether or not the defendant was negligent in any of the respects alleged in the amended petition. If the defendant was not negligent, then you should return a verdict in favor of the defendant. If, on the other hand, you find that the defendant was negligent, you must then proceed further and determine whether such negligence was the proximate cause of the injury and damage sustained by the plaintiff. If such negligence was not the proximate cause of the injury and damage, you should return a verdict in favor of the defendant."

The charge of the court that it was the duty of the defendant to exercise ordinary care in keeping a lookout and to operate his automobile so as to avoid a collision, was prejudicially erroneous, when applied to the undisputed evidence in the record, that the defendant had violated the law as to the assured clear distance ahead.

There was not only an omission to charge on the assured clear distance, but the jury was instructed that the law required the defendant to exercise ordinary care. In effect, the jury was instructed that it could determine whether the defendant

had been guilty of negligence, when the undisputed evidence was to the effect that defendant had violated the rule of the assured clear distance ahead.

The dissimilarity in the facts in the *Rhoades case, supra,* can be shown by a quotation from the opinion by Hurd, J., in the decision of the Court of Appeals, *Rhoades* v. *City of Cleveland,* 60 Ohio Law Abs., 159, at page 162, 100 N. E. (2d), 705, as follows:

"A witness who was walking south on E. 93rd Street corroborated plaintiff's testimony to the extent that while he was walking south on the west side of E. 93rd Street he saw plaintiff's car stalled on the northbound tracks; that the northbound street car was then about 200 feet from the stalled car; that when the street car was about 100 feet from the stalled car the motorman began to sound the gong and kept it up until the automobile was struck; that he did not know plaintiff before that time; that when he first saw the street car it was moving at from 20 to 25 miles per hour and continued at that speed until the collision.

"Defendant presented evidence through the testimony of the motorman of the street car and another witness who had been walking south on East 93rd Street toward Carton Avenue at the time of the collision in support of its contention that plaintiff turned suddenly and without warning from behind the southbound street car directly into the path of the northbound street car which was then only 20 to 30 feet away, a distance within which it was impossible to avoid the collision. ·

"This conflict in evidence presented issues of fact for determination of the jury under proper instructions of law by the court."

The petition of the plaintiff in the *Rhoades case* charged that defendant was negligent as follows:

"1. Under the doctrine of last clear chance.

"2. Failure to maintain proper control of the street car.

"3. Failure to stop or abate the speed of the street car.

"4. Failure to maintain proper lookout.

"5. Operating a street car at a speed greater than would permit its stoppage within the assured clear distance ahead."

In view of the conflict in the evidence in the *Rhoades case,*

a charge of the court applicable to the foregoing specifications of negligence was necessary and proper, while in the case at bar, where there was no conflict in the evidence, the charge was not applicable and was prejudicially erroneous.

In the case at bar there is an error of omission and also an error of commission.

The decision of the Supreme Court in the *Rhoades case, supra,* did not determine that an error of omission and an error of commission were not prejudicially erroneous. To the contrary, in the opinion in the *Rhoades case, supra,* Taft, J., recognizes and approves the rule applicable here, 157 Ohio St., p. 115:

"It is arguable that, where there has been an error of commission, a reviewing court may, in determining whether that error was prejudicial, consider its effect in the light of errors of omission in the charge which were not called to the trial court's attention. That is apparently what the majority of this court had in mind, as indicated by what it did say and what it omitted to say in the syllabi in *Telinde* v. *Ohio Traction Co., supra,* and *Simko* v. *Miller, supra. However, in the instant case there was no such error of commission.*" (Emphasis added.)

There was no error of commission in the *Rhoades case,* but the charge of the court in the case at bar was an error of commission, and the court also failed to charge with respect to the law as to the assured clear distance ahead.

The two-issue rule does not apply, where, as here, the court has charged the jury erroneously, with respect to negligence on the part of the defendant. *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851.

It is my opinion that the judgment of the Court of Common Pleas should be reversed and the cause remanded for a new trial.